CHANCERY.   **Gray's widow, Administratrix, and Heirs
*vs* Sparrow.**

APPEAL FROM THE CAMPBELL CIRCUIT.

*Case 34.*          *Vendor and vendee.   Dower.   Penalties.*

*October 3.*   JUDGE EWING delivered the opinion of the Court.

THIS was a suit in Chancery, brought by the widow, administratrix, and heirs of John Gray, to set aside the sale of a house and lot in Covington, made by their ancestor to the defendant Sparrow, and to compel him to account for the rents; also to set apart to Mrs. Gray, his widow, her dower in the lot, and for general relief. The Circuit Court decreed that dower be allotted to the widow, but dismissed the complainants bill as to the other claims set up in the bill, and they have appealed to this Court, and Sparrow has assigned cross errors, drawing in question the decree for dower.

Although John Gray, at and before the sale of the lot in question, was a miserable inebriate, and habitual drunkard, and in the general, entirely incompetent to attend to business or make a valid contract, as it is proven that he was sober and competent to contract at the time when the lot was sold and conveyed, and especially as the sale was made for about the value of the lot, we cannot annul the deed.

*The case stated, and decree of the Circuit Court.*

Nor do we perceive any error in the decree of the Circuit Court, in directing dower to be allotted to the widow. She is not bound to take her dower in an adjoining lot, nor will a Court of Equity, under the circumstances of the case, require her to do so; Sparrow comes into Court with a bad grace to ask it, as he purchased the lot contrary to and against the previously known will and desire of the widow.

The contract.

But though the house and lot was sold for the consideration of $1000, only $600 of the amount was paid down, and for the residue of the price, Sparrow executed his bond to Gray, in which, after reciting the purchase of the lot at the price of a thousand dollars, and the payment of six hundred dollars in hand, and also the "failure and refusal of Mrs. Gray to join in the conveyance or relinquish her right of dower," he bound himself "to pay unto the said John Gray, his heirs or assigns, the sum of four hundred dollars, within twelve months from the date of said bond, *provided* that the wife of said Gray should, within that time, and within the lifetime of said Gray, properly and legally relinquish her right of dower in and to said lot, if not, then he promised and bound himself to pay said Gray the said four hundred dollars, without interest within ninety days after his said wife shall have relinquished her right of dower in said lot, or the same shall be extinct, provided the same shall be done or happen in the lifetime of said Gray. Witness his hand the 11th day of March, 1835."

As Gray has died, and his wife did not relinquish her right of dower in his lifetime, his administratrix could not recover the four hundred dollars at law, and the question arises whether a Court of Equity ought not to afford relief to some extent, against the proviso in this contract. We think it can and ought to do so.

The $400 could not have been withheld to be paid upon the contingency prescribed, as the *estimated value* of the dower, for that would be to value the *use* of the *one third* only for the life of an old woman, and that dependent on the uncertain contingency of her surviving her husband, whether it would ever take effect, at *four-tenths* of the value of the *whole lot*, in fee simple. Such an agreement

GRAY'S WIDOW,
ADM'X & HEIRS
*vs*
SPARROW.

S. purchased a house and lot at the price of 1000 dollars, paid 600 dollars,, & agreed to pay $400 in one year, provided vendor's wife relinquished her dower, the wife refused, and (the husband dying) brought her bill, with the heirs, to rescind the contract, or for dower—decided that the value of the contingent dower ought be estimated and deducted from the $400, and vendee to pay the remainder, with interest from the time due.

of value, and the insertion of a proviso securing the right to withhold it as *liquidated damages*, for the non-relinquishment of. dower, would be unconscientious, and lead to the conclusion that the contract was fraudulent, and the value fixed, and prices inserted by overreaching the wreckless and enfeebled mind of the obligee, and on that ground would demand relief.

But we regard it in the nature of a *penalty* intended to *secure* and *coerce* from the wife a relinquishment of dower. The four hundred dollars retained was a part of the *price* of the lot, and which when added to the sum paid, makes up the price agreed on, and which the house and lot is proven to have been worth at the time. It was known by Sparrow that Mrs. Gray was unwilling for the sale, and opposed to the relinquishment of her dower, and as a means to *secure* it and to *coerce* her into a compliance, in her necessitous condition, the payment of this large portion of the amount of the price was made to depend upon that contingency. Had the amount been paid and a bond taken in the penalty of four hundred dollars, to be void upon the condition of her relinquishment of dower within the time and upon the terms prescribed, there could be no question that even at law, at the present day, Sparrow could not have recovered more than the *value* of the contingent dower, with interest, at the *time* when the relinquishment was to be made, by the terms of the condition. And should more have been recovered, a Court of Equity, whose peculiar province it has ever been to relieve against penalties and forfeitures, would interpose and relieve against the excess over the value. And the mere fact that the amount is retained out of the price, it being retained in the nature of *security* for the dower, can make no difference. The *object* of retaining being to *secure* the relinquishment of dower, which could not be obtained as required by the terms of the obligation, it would be unconscientious in the defendant to take shelter under the legal rigor of the proviso in his bond, and retain more than the *value* of the dower at the time when it should have been relinquished: 2 *Story's Equity*, 547 to 651.

The decree of the Circuit Court is affirmed on the cross errors, and dower is directed to be assigned to Mrs. Gray, and reversed on the errors assigned by the appellants, and the cause is remanded that steps may be taken, through commissioners or a jury, to ascertain the *value* at the date of the contract, or within twelve months thereafter, of the *contingent dower interest* of Mrs. Gray, or her *use* for *life* of the *one-third* of the house and lot, subject to the then uncertain contingency of her surviving her husband, compared with the value of the fee-simple in the *whole* house and lot, estimated at $1000. That is, rating the value of the fee-simple in the whole at $1000, what is the value of the use of *one-third* for her *life* only, subject to the contingency aforesaid. And that all of the four hundred dollars over and above the amount so found, with interest from twelve months after the date of Sparrow's bond, be decreed to be paid by him to the administratrix, with costs.

And the appellants are entitled to their costs in this Court.

*Owsley & Goodloe and Gaines* for appellant: *Cates & Lindsey* for appellee.