### WELLS and Others *v.* SPRAGUE.

On appeal to the Supreme Court in a chancery suit commenced and determined under the old practice, the Court presumes that all the evidence offered is before it, except the proof of such deeds, records, &c., as might be proven orally at the bar.

And the Court examines the cause upon the law and the facts, and decides it upon its merits.

Under the statutes of 1831, 1838 and 1843, a bill for the assignment of dower was bad if it did not allege a demand before the suit was brought.

And where no objection was taken to such a bill by demurrer but some of the defendants appeared and answered, while as to others the bill was taken as confessed,—*held*, that as to the parties answering, the cause should have been dismissed; and that a decree against the other defendants was erroneous.

ERROR to the *Laporte* Circuit Court.

WORDEN, J.—This was a bill in chancery filed by the appellee against the appellants, for the assignment of dower. The bill was filed in 1842, and in 1845 a final decree was rendered for the complainant. The bill was taken as

confessed as to some of the defendants, and others answered.

The decree is, that the complainant is entitled to be endowed of the premises, and commissioners are appointed to set off her dower, and that the complainant recover costs, &c.

The bill does not aver that any demand was made for the assignment of dower before suit was brought, nor does it set up any excuse for not making demand; but no objection was taken to the bill on that ground by demurrer, but the parties who appeared, answered.   The record does not show us that any proof of such demand, or excuse for not making it, was introduced on the hearing.

This being a chancery suit, commenced and determined under the old system of practice, we must presume all the evidence offered is before us, except the proof of such deeds, records, &c., as might be proven orally at the bar, on the hearing.   *Gafney* v. *Reeves*, 6 Ind. R. 71.

The points relied upon to reverse the decree are principally these:

1. That the bill is radically defective, in not alleging a demand for the assignment of dower, before the suit was brought.

2. That there was not sufficient evidence.

3. That judgment for costs should not have been rendered against the defendants.

The proposition seems to be well settled, that on appeal to this Court in a chancery cause, the Court will examine it upon the law and the facts, and decide it upon its merits. *Gallion* v. *McCaslin*, 1 Blackf. 91, and note.—*Linn* v. *Barkey*, 7 Ind. R. 69.—*Morgan* v. *Snapp*, *id.* 537.

With this view, we will proceed to examine the questions presented.

Was it necessary to allege in the bill a demand for the assignment of dower?

By the statutes in force at the time the suit was commenced, and at the time it was heard, it was necessary to make a demand of the heirs or others having the next im-

mediate estate of freehold or inheritance, for the assignment of dower, before suit brought, and the bill or petition should aver such demand. *Spinning* v. *Rowland,* 7 Blackf. 7.

Such are the statutory provisions found in the several revisions of 1831, 1838, and 1843. In 1847, an act was passed dispensing with a demand of an infant, making the averment and proof of infancy an excuse for not making demand. Acts of 1847, p. 111. This latter act, of course, has no bearing on the case, but it shows the general spirit of legislation on the subject. By the statutes of 1838 and 1843, the party had a month to assign dower after demand made. R. S. 1838, p. 239.—R. S. 1843, p. 804.

The design of the legislature undoubtedly was, to give those entitled to the freehold an opportunity to do that amicably, which the law would require to be done if they refused. And until the demand is made, we see no ground for proceeding to compel the assignment of dower.

The bill, we think, is fatally defective, and the decree taken as confessed as against some of the parties, is erroneous. *McMullen et al.* v. *Furnass et al.,* 1 Ind. R. 160.

In relation to those who appeared and answered, the case presents more difficulty, but we think, as to them, it ought to have been dismissed on the hearing.

By the statute referred to, a demand for the assignment of dower, and a neglect or refusal to make a satisfactory assignment within the time prescribed, are necessary to entitle a party to go into Court to compel an assignment. There is no equity in a bill that does not allege that this necessary preliminary step has been taken, or show an excuse for not taking it.

In the case of *Muir* v. *Clark,* 7 Blackf. 423, it was held that a bill in chancery showing that the complainant has no equity, may be objected to at any stage of the proceedings. The case is placed beyond doubt when we consider that no demand, or excuse for not making it, was proven on the hearing. This essential element, necessary to the maintenance of the suit, was neither alleged nor proven, and we think it is fatal to the case. Whether such

proof could have been admitted under the bill, or what would have been its effect, are questions not before us, and of course we do not decide them.

*Per Curiam.*—The decree is reversed with costs. Cause remanded with directions to dismiss the bill.

*J. B. Niles* and *A. L. Osborn,* for the appellants.