BISHOP *v.* WOODWARD *et al.*

103  281
107  400
108  789
103  281
121  434

1. The statutory remedy providing for the assignment of dower, now contained in section 4697 et seq. of the Civil Code, must be followed in all cases where it is applicable and adequate. If, however, such remedy is not applicable to a particular case, dower may still be assigned by a judgment of the superior court, rendered in the exercise of its equity powers. In cases where the statutory remedy is applicable so far as the setting apart of dower is concerned, but the aid of equity is necessary to the perfect enjoyment by the dowress of her estate when set apart, application may be made in the first instance to the superior court as a court of equity, not only for the equitable relief necessary to secure to the dowress the enjoyment of the property set apart, but also for an assignment of the dower.

2. When a petition sets forth a cause of action, it is error at the trial term to dismiss the same on oral motion upon grounds which should have been taken advantage of by special demurrer or plea in abatement at the first term.

Argued December 2, 1897.—Decided January 20, 1898.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1897.

*Robert L. Rodgers*, for plaintiff. *S. Barnett*, *J. A. Anderson*, *J. T. Pendleton* and *King & Anderson*, for defendants.

COBB, J. On June 26, 1895, Mrs. Bishop, in her own behalf and as guardian of John G. Bishop, brought her petition against Woodward and the city marshal of Atlanta, alleging that she was the widow of John V. Bishop deceased, and that John G. Bishop was the minor son of her husband by a former wife, and that they were his only heirs at law; that at the time of her husband's death he was the owner of and in possession of a certain improved city lot in Atlanta; that she is entitled to dower in the land; that since the death of her husband she had received from Woodward, through the mail, a statement that he had purchased the lot at marshal's sale on December 4, 1894, and that the city marshal had made him a deed to the same, and that, if she desired to redeem it, she would please call on one Middlebrooks before February 15, 1895, and effect a settlement; otherwise Woodward would be compelled to record the deed and have the marshal put him in possession. She further alleges that this notice was without any legal authority, but was made for the purpose of coercing her into surrendering possession of the lot to Woodward under some pretended claim; that he has since called upon her to move out and give up the place to him, and has threatened to have her put out by the city marshal; that if Woodward has any deed to the property the same is void, because a sale of the lot, which was worth from fifteen to eighteen hundred dollars, was had for the purpose of settling a tax execution of $34.95. She prays that her right to dower in the property may be established, that dower may be duly and legally assigned to her, and that commissioners may be appointed for that purpose; for injunction to restrain Woodward and the marshal from putting her out of possession or

interfering with her possession, and for cancelation of the deed or deeds in the hands of Woodward. It is further alleged that there was no administrator upon the estate of John V. Bishop. On January 20, 1896, subsequently to the filing of the suit, Anderson, having been appointed administrator of John V. Bishop, was made a party defendant in the case. An interlocutory injunction was granted as prayed, and at the March term, 1897, the case came on for a final hearing. An oral motion to dismiss the petition was sustained by the court, the order sustaining the motion being as follows: "Motion being made both by the administrator of John V. Bishop and by the marshal of the City of Atlanta, defendants to the foregoing petition, to dismiss said petition as being multifarious, containing a misjoinder of parties and action, and for nonjoinder of necessary parties, and upon the further ground that the within [?] notices of the intention to apply for dower to the persons interested appear not to have been given, and upon the further ground that the petition does not set out such facts as would entitle the plaintiffs to equitable relief, and that said petition sets out no cause of action authorized by law, upon hearing argument it is ordered by the court that said motion be and is hereby sustained and said petition dismissed."

In dealing with the case presented by this record, we will first inquire whether a cause of action is set forth in the petition. An analysis of the petition shows that the parties on one side are the widow and child of John V. Bishop, his only heirs at law, and on the other side Woodward and the city marshal of Atlanta. The subject-matter of the controversy is a lot of land. Mrs. Bishop claims that her husband was at the time of his death seized and possessed of the land, and that as his widow she is entitled to dower therein; that Woodward claims title to the land as trustee for certain parties whose names are not known to her, his claim of title being founded upon a pretended tax sale which is void on account of the levy upon which it was founded being excessive; and that in order to remove the cloud which this pretended title creates upon the property of the estate of her deceased husband, it is necessary to resort to a court of equity; that her dower right, and the possession

of the land, if dower is assigned her, would be interfered with by Woodward and those whom he represents. Her prayer is that her right to dower be established, and that commissioners be appointed to set the same apart to her, either specifically in the land, or in the fund which may arise from the sale thereof. If her husband died seized and possessed of the land, her right to dower is complete. Civil Code, § 4687. And she is entitled to the possession of the dwelling-house from the death of her husband until her dower is assigned, waived, or barred. Civil Code, § 4693. The statutory remedy providing for setting apart dower is contained in section 4697 et seq. of the Civil Code. Under the provisions contained in these sections of the code, it is necessary that the applicant shall give written notice to the representative of the estate; or, if the widow be herself the representative, "then to the person or persons interested." The case presented here does not fall within the terms of these sections. Under the allegations of the petition a clear right of dower is established. The widow is not the representative, and there was none at the time suit was brought. Is the remedy provided in the code exclusive? Or will equity afford relief when the remedy there provided is not applicable? The jurisdiction of equity in cases of dower was for a long time doubted. It was at first held that a court of equity would interfere in behalf of a dowress when the remedy provided at common law was for any reason inappropriate or inadequate. It was finally decided, however, that courts of equity had concurrent jurisdiction with courts of law in matters of dower. See 2 Scribner on Dower (2d ed.) 7; Bispham's Eq. (5th ed.) § 494 et seq. That courts of equity have concurrent jurisdiction with courts of law in matters of dower was recognized by the Supreme Court of the United States in an early case. Herbert *v.* Wren, 7 Cranch, 370. The jurisdiction of equity in such cases has been well established in Virginia, Maryland, Kentucky, South Carolina, North Carolina, Alabama, Missouri, Arkansas, Tennessee, Delaware, Ohio, Iowa, Illinois, Indiana, New York, and Massachusetts. Blunt *v.* Gee, 5 Call, 481; Wells *v.* Beall, 2 Gill & J. 458; Peay *v.* Peay, 2 Rich. 409; Gray *v.* Sparrow, 3 B. Mon. 110; Campbell *v.* Murphy, 2 Jones'

Eq. 357; Beavers *v.* Smith, 11 Ala. 20; Davis *v.* Davis, 5 Mo. 183; Menifee *v.* Menifee, 8 Ark. 9; London *v.* London, 1 Humph. 1; Ridgeway *v.* Newbold, 1 Harr. (Del.) 395; Allen *v.* McCoy, 8 Ohio, 418; Gano *v.* Gilruth, 4 Greene (Ia.), 453; Blain *v.* Harrison, 11 Ill. 384; Wells *v.* Sprague, 10 Ind. 305; Swaine *v.* Perine, 5 Johns. Ch. (N. Y.) 482; Powell *v.* Manufacturing Co., 3 Mason, 347.

In Vermont, while courts of probate have exclusive jurisdiction in assigning dower, equity will grant relief when necessary to remove encumbrances from the estate in which the widow is dowable. Danforth *v.* Smith, 23 Vt. 247. Chancellor Kent says: "The jurisdiction of chancery over the claim of dower has been thoroughly examined, clearly asserted, and definitively established. It is a jurisdiction concurrent with that [of] law; and when the legal title to dower is in controversy, it must be settled at law; but if that be admitted or settled, full and effectual relief can be granted to the widow in equity, both as to the assignment of dower and the damages. The equity jurisdiction was so well established, and in such exercise in England, that Lord Loughborough said that writs of dower had almost gone out of practice. The equity jurisdiction has been equally entertained in this country, though the writ of dower unde nihil habet is the remedy by suit most in practice." 4 Kent's Com. (14th ed.) 71–73. As the jurisdiction of the court of chancery was well established in England at the time of our adopting statute, it became a part of the law of this State. The act of 1824, providing a method for assigning dower, which with its various amendments is now embraced in the sections of the code above cited, did not take away from the courts of equity the power to entertain applications for dower in cases where the method there prescribed was either inapplicable or inadequate as a remedy. Under the practice prevailing in this State, the remedy provided in the code must be followed as the exclusive remedy when it is applicable to the facts of the case, and the aid of a court of equity is not necessary to the assertion of the right of dower, or the protection and preservation of the dower estate. Where this remedy can not by its terms be made to apply; or where, if it be applicable so far as the

assignment of dower is concerned, but the aid of a court of equity is necessary to the assertion of the widow's right to dower, or to secure to her the enjoyment of the dower estate, a court of equity will, notwithstanding the provision in the code, entertain a petition praying for the assignment of dower, and for appropriate and adequate relief in aid thereof. The petition in this case, at the time it was filed, presented a case which was not within the terms of the act. For this reason, equity had jurisdiction for the purpose of assigning dower to the widow. Her appeal to a court of equity, however, is not founded upon this ground alone. The property in which the dower is claimed is the subject of a pretended claim by a stranger, who is attempting by threats and coercion to force her out of possession. He claims to have a paper which would constitute a title to the property. Under the allegations of the petition, the deeds or papers, whatever they may be, that he·has, are clouds upon the title of the estate of her husband, and would be clearly a cloud upon the estate of the wife, if dower is assigned. Long before courts of chancery took complete jurisdiction in matters of dower, they did not hesitate to assume jurisdiction in cases where resort to equity was necessary to protect and preserve the widow's right to enjoy her dower estate. The plaintiff's petition showing that under the peculiar facts of her case the statutory remedy could not be applied, and also that resort to a court of equity was necessary to quiet her possession after her dower was assigned, the court erred in sustaining the motion to dismiss, in so far as it was predicated upon the ground that no cause of action was set forth.

Neither was the petition multifarious. The prayers were for assignment of dower and a decree removing a cloud from the property which was to be so set apart. No decree could have been more just and proper according to the well-established principles of equity than the one prayed for in this case. Joining the minor heir at law as party plaintiff would not be sufficient reason at the trial term to dismiss the case on oral motion. If this was a misjoinder, it should have been taken advantage of, either by demurrer or plea, at the first term. The minor heir of the deceased husband was certainly a proper and necessary

party, being the owner of the land after the termination of the dower estate. It would have been more appropriate to have made the heir at law a party defendant, but objection on this ground should have been made at the appearance term. As the applicant for dower is also the guardian of the minor heir, a guardian ad litem should be appointed. The motion to dismiss was upon the further grounds, of nonjoinder of necessary parties, and that no written notice appeared to have been given to the persons interested. If this had been urged by way of demurrer at the appearance term, it would probably have been a sufficient reason for dismissing the petition, or allowing the plaintiff an opportunity to amend and make necessary parties. It is not necessary for us, under the facts of this case, to determine whether when equity takes jurisdiction in such a case any one should be made a party defendant other than the heirs at law. Such a question would have been raised if a demurrer had been filed before the administrator was made a party. As the heir at law was a party to the original petition, and as the administrator appointed pending the case was subsequently made a party defendant, certainly at the trial term there appeared before the court all persons who were entitled to be heard on the question of dower. Whether in the absence of an administrator all creditors should be made parties, or simply creditors who have specific liens upon the property to be affected, or persons who have any specific interest therein, is a question which is not necessary to be decided in the present case. The moment an administrator is appointed he can be dealt with as the representative of all such persons. That there was no administrator at the time the suit was filed would give a court of equity jurisdiction to maintain the suit. A failure at the appearance term to make the question in regard to parties will prevent a dismissal of the suit at the trial term, after the administrator appointed pending the case has been made a party to the proceeding. Even if the administrator would have had the right at the first term after he was made a party to have raised the question as to nonjoinder of other parties than himself, he certainly can not raise the question at the second term after he was made a party, when the case stands in order

for a final hearing.   We are clearly of the opinion that the petition set forth a cause of action, and that it was not multifarious. We are equally clear that the other objections which were raised to the petition on oral motion at the trial term should have been made by demurrer or plea at an earlier stage of the case, and that the court erred in dismissing the petition.   If the defendants had desired to take advantage of the irregular way in which a good cause of action was brought into court, they should have done so at the first term.   Not having done so, the plaintiff is entitled to be heard on the merits of her case, notwithstanding the irregularities and deficiencies in her pleadings.   *Judgment reversed.   All the Justices concurring.*