## BUNTING *v.* DOBSON.

The contract declared on and alleged to have been fully performed on the part of the plaintiff was, in effect, that the defendant's intestate agreed, in consideration of services to be performed in taking care of his invalid mother, "that petitioner would share a child's interest in whatever was accumulated by the three" during the life of the mother and her son. *Held,* (1) that this agreement was unenforceable as to any property belonging to or acquired by the mother, inasmuch as she was in no wise a party to the contract; (2) that, in the absence of an undertaking on the part of the son to take appropriate steps to legally adopt the plaintiff as his child, or to make provision for her by will or otherwise, no breach of the contract resulted by reason of his death without his doing more than to express a desire during his last illness that the plaintiff should share as an heir in his estate; and (3) that it is not within the power of the courts, by virtue of such a contract, to grant the plaintiff's prayer that "she be found to be an heir of said estate" and awarded an amount equal to a child's part thereof. The remedy of the plaintiff was to sue in assumpsit for the value of the services performed by her.

Submitted March 3,—Decided May 16, 1906.

Complaint. Before Judge Mitchell. Berrien superior court. March term, 1905.

*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight,* for defendant.

EVANS, J. This is a suit brought by Mrs. Sallie Bunting against Mrs. Hattie Dobson, as administratrix of the estate of J. T. Dobson, deceased; and the question presented for determination is whether or not the trial judge erred in sustaining a general de-

murrer to the plaintiff's petition. She therein alleged, that she had for many years, agreeably to the terms of a contract between herself and J. T. Dobson, taken care of his invalid mother, who died shortly before the date of his death, leaving him as sole heir at law of her estate; that during his life, plaintiff had lived at his home, after entering into the contract aforesaid, and had by her services assisted him in accumulating considerable property; that he left an estate worth some $9,000, exclusive of all indebtedness, in which she claims a one-third interest, inasmuch as during the long term of her service she was paid nothing and received nothing outside of clothing and provisions; that Dobson left a wife and child, who, immediately after his death, drove plaintiff from his home, notwithstanding plaintiff asserted her claim to an interest in his estate and demanded that she be given a child's part according to her contract with him; and that during the last moments of his illness he expressed his request and desire that she should share as an heir to his estate. She prayed that "she be found to be an heir of said estate, and have and recover from the said estate the sum of three thousand dollars."

There is no attempt on the part of the pleader to declare on a quantum meruit; there is not the slightest suggestion in the petition as to the value of the services rendered, nor any prayer to recover for such services. If any cause of action at all is alleged, it is one for damages for an alleged breach of an express contract. The contract declared on is stated in the second paragraph of the petition as follows: "Petitioner shows to the court that she is a relative of the deceased, J. T. Dobson; that the mother of the deceased was an invalid on or about the 15th day of August, 1883, and owing to this fact it was impracticable for the said J. T. Dobson to pursue his daily occupation without some one to look after and care for his said mother; and that on or about the time aforesaid the deceased came to your petitioner, and it was covenanted and agreed upon between them that if your petitioner would leave her home and come and live with the said J. T. Dobson, and look after and care for his invalid mother during the life of either of them, that petitioner would share a child's interest in whatever was accumulated by the three parties aforesaid." The only interpretation that can be placed upon this contract is that it was an agreement between two parties that the accumulation of property subsequently

to the contract by the parties thereto and by a third person should ultimately be divided upon the basis that, should one of the two parties to the contract survive the other, she should receive a "child's interest in whatever was accumulated by the three." The plaintiff asserts that at the time this contract was entered into, Dobson "had comparatively nothing, but that during the twenty years of her service in the said home he accumulated a considerable amount of property, money, etc." It is clear that two parties to an agreement can not contract for the disposition of property belonging to or thereafter acquired by a third person who is in no wise a party to the agreement. The specific interest which the petitioner was to have under the contract alleged was that of a child; and if we look to all the allegations of the petition, it can be gathered that the quantum of interest under the contract which the plaintiff was to receive was to be measured by the number of heirs at law which Dobson might have at the time of his death, and it was contemplated by him and the plaintiff that she was to be treated as an heir at law, and, as such, was to receive a child's part in the distribution of his estate. But the contract declared on leaves it in doubt as to how this result was to be effected. It certainly is not alleged that Dobson agreed, in consideration of services to be rendered by the plaintiff in taking care of his invalid mother, to provide by will for the payment of compensation to the plaintiff by bestowing upon her any fixed and definite interest in his estate. Had such a precise and definite contract been alleged, doubtless a cause of action would have been set forth. *Banks* v. *Howard,* 117 Ga. 94. However, it is a familiar rule of pleading that the pleadings are to be taken most strongly against the pleader. The petition attempts to set up an express contract. Not only was this contract unenforceable as respects the interest of the mother in the joint accumulations of the family, for the reason that she never assented thereto, but it was also indefinite as to the manner of its performance by the defendant's intestate. To ascertain whether or not there has been a breach of an express contract, the contract itself must be looked to in order to determine whether the party declared against has failed or refused to perform an undertaking according to the terms of the agreement between the parties. What was the undertaking of Dobson? The plaintiff asserts that the contract entitles her to claim an interest in his estate as an heir at law,

but there is no allegation that Dobson obligated himself during his lifetime to take legal steps to adopt the plaintiff as his child, in order that she might take an interest in his estate by inheritance. During his last illness the deceased expressed a desire that she should share in his estate as an heir at law, as seems to have been in the contemplation of both parties; but this fact merely goes to show that he never made a breach of the contract by repudiating it or intentionally failing to perform it, and died under the mistaken belief that his bare wish in the matter of the plaintiff's taking a child's part in his estate would override the law of inheritance, or that the legal effect of the contract was such that no affirmative action on his part, in providing for the plaintiff by will or otherwise, was necessary in order to give practical effect to their agreement. The plaintiff does not make complaint of anything he did or neglected to do during his lifetime. On the contrary, she asserts that his administratrix has wrongfully refused to recognize her claim to an undivided one-third interest in his estate, acquired under the contract agreed to by him and which was fully performed by her. It is obvious that the administratrix, as such, would not be warranted, under the circumstances, in regarding the plaintiff as an heir, nor is it within the power of the courts to grant her prayer that "she be found to be an heir of said estate, and have and recover from the said estate" an amount equal to one third of its value after the discharge of its indebtedness. The remedy of the plaintiff was to sue in assumpsit for the value of the services performed by her in assuming the care of the invalid mother of the defendant's intestate.

> *Judgment affirmed. All the Justices concur.*