HOLT *v.* FIRST NATIONAL BANK & TRUST COMPANY IN
MACON *et al.,* executors.

No. 10328.   JANUARY 19, 1935.   REHEARING DENIED FEBRUARY 20, 1935.

*L. D. Moore,* for plaintiff.
*Jones, Johnston, Russell & Sparks,* for defendants.

HUTCHESON, Justice. With the consent of the ordinary and the executors, Mrs. Alma S. Holt, widow of Ira C. Holt, deceased, brought her petition in Bibb superior court, asking that she be allowed a sum of money in lieu of dower. She alleged that at the time of her husband's death he was seized and possessed of real property in the City of Macon of the value of $10,500, and property in Alabama of the value of $3500; and that she was entitled to a cash sum of money equal to one third of said real estate reduced to a cash value according to her expectancy of life, twenty-eight years. The executors answered, denying that the plaintiff was entitled to dower, and contending that the right of dower was barred by the will, the provisions of which had been accepted by the plaintiff. They attached a copy of the will, showing the disposition of the property and that the plaintiff had accepted certain provisions under the terms of the will; and alleged that they could not further carry out the will if a dower estate should be set apart. Upon a hearing, the plaintiff's application was denied, and she excepted.

Under the will in this case provision is made for a trust estate, out of which monthly payments are to be made for the support of the widow and the two children. By the third item of the will the furniture, fixtures, and automobiles, if any, are given to the widow, and the balance of the estate is given to the executors as trustees, to be converted into cash as quickly as possible, and from the income they "shall pay to my wife for her support and for the support of such child or children as I may leave, the sum of $25 per month for herself, and $50 per month for each child; it being my intention that the checks for the support of the children shall be made payable to my wife, who shall have the discretion of expending said money for the support of said children. It is my desire that this trust and arrangement shall continue until my youngest child shall become twenty-six years old, at which time my trustees shall divide one-half of the funds or property in their hands equally between my children, share and share alike. It is my will and desire that the remaining one-half of said funds or property shall be divided equally between my children, share and share alike, when my youngest child has reached the age of thirty-one years." The will later provides that "said monthly payments for the support of my wife and children shall be paid out of the

income from the fund in the hands of my said trustees; but in the event the said income is insufficient to pay said allowance for the support of my wife and children, the same is to be paid nevertheless by encroaching upon the corpus of said fund, if necessary." The will makes a further provision, as follows: "In the case of sickness or emergency, I direct that my trustees shall not expend more than $400 per annum for my wife in addition to her allowance of $25 per month." In *Tooke* v. *Hardeman, 7 Ga.* 20, the court said that to require an election the intention of the testator to that effect must be deduced by clear and manifest implication from the will. In *McHan* v. *McHan,* 168 *Ga.* 798 (149 S. E. 198), it was held that "In order to put the widow to her election between the provisions made in her favor by the will of the testator and her legal right to dower in his estate, such testamentary provision in her favor must be declared in express terms to be given in lieu of dower; or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of dower would be inconsistent with the will, or so repugnant to its provisions as necessarily to disturb or defeat them;" and that "the inference from the fact that the lawmakers used the words 'plain' and 'manifest,' words which are to a large extent synonymous, is that they intended to emphasize strongly the declaration that the intention of the testator should be manifest. In other words, that it was the intention of the husband that the bequests made should be in lieu of dower must be a necessary legal conclusion in view of all the portions of the will relating to the provisions for the wife." And to this doctrine we must subscribe. It would be going rather a far way, indeed, to say that the widow, who was given a support and left in charge of the support of the children of testator, should by the exercise of that right be forced to relinquish and forego her right in the estate.

In the statement of facts it is agreed that the commissioners could set apart dower in Georgia land, if dower could be set aside at all. We are sure that the commissioners appointed in Georgia would not undertake to set apart dower in Alabama lands, but that they did have a right to take into consideration their value when holding hearings upon the total value of the estate. See *Bishop* v. *Woodward,* 103 *Ga.* 281 (29 S. E. 968).

*Judgment reversed. All the Justices concur, except Gilbert, J., disqualified.*