### 20830. BANES *v.* DERRICOTTE *et al.*

HAWKINS, Justice. Eula Bell (Pinkard) Banes, alleged to be fifty-six years of age, and an illiterate, unable to read or write, brought her petition against Rosa Derricotte, Curtis M. Cook as executor of the purported will of Roxie Leverette, deceased, Georgia Savings Bank & Trust Company, and several other defendants as real-estate agent for and tenants of real estate involved, but who need not be named, in which she

alleged that in 1908, when she was five or six years of age, her mother, after the death of the plaintiff's father, entered into an agreement with Dock and Roxie Leverette, plaintiff being a niece of Dock Leverette, whereby they agreed with the plaintiff's mother to adopt the plaintiff as their child, with all the rights of a child, including the right of inheritance to all real, personal, and mixed property possessed by them at their deaths, or a child's one-half share of all such property in the event of the death of either of them; that, in compliance with this agreement, plaintiff's mother released to the Leverettes the sole and exclusive care, dominion over, custody, and control of the plaintiff, who took her into their home at 28 Crumley Street, in the City of Atlanta, where she continued to live with them and discharge all of the duties as a faithful and affectionate daughter until the death of Dock Leverette, who died intestate on December 12, 1928, and thereafter to live with Roxie Leverette until her death May 9, 1952, thereby fully complying with the terms of the contract alleged to have been made by her mother.

The petition further alleges that Roxie Leverette left a purported will, under the terms of which she bequeathed and devised to the defendant Rosa Derricotte the real estate here involved known as 28 Crumley Street, and all other properties, real and personal, that she might have, except a bedroom suite, referred to in Item 4 of the will; that by said item of the will testatrix bequeathed to the plaintiff the sum of one dollar in cash and her walnut bedroom suite then located in her home at 28 Crumley Street, Atlanta, Georgia. The petition alleges that this will was probated in solemn form on July 15, 1952, and that Curtis M. Cook was named and duly qualified as executor thereof; that he made a final return as such, showing that he had conveyed by deed to the legatees and devisees therein named the property going to them, respectively, under the terms of the will, and was discharged as executor by the court of ordinary on July 15, 1953.

It is alleged that this will was void because the testatrix did not have sufficient mental capacity to make a valid will at the time of its execution, and that the probate thereof and the discharge of the executor were fraudulently obtained and were null and void, because Rosa Derricotte knew of this fact and of the contract by the testatrix to adopt the plaintiff, and because the plaintiff was not served with notice of the probate

proceedings; that, following the death of Roxie Leverette, the defendant Rosa Derricotte informed the plaintiff that she could remain in the house as long as she desired if she would pay to the defendant the sum of $16 per month, and that since about May 16, 1952, she has paid said sum each month, which she alleges was a fraud upon her, and she seeks to recover from the defendant Rosa Derricotte these sums and all other rents received from the premises.

The petition further alleges that the defendant Rosa Derricotte has executed a loan deed conveying the property to the defendant Georgia Savings Bank & Trust Company, to secure a loan, and is endeavoring to further encumber the property by an additional or increased loan. She further alleges that, because of the plaintiff's ignorance and inability to read and write, and her confidence in Roxie Leverette, she permitted her to control the property from the date of the death of Dock Leverette in 1928, until the death of Roxie Leverette, and after this time she reposed confidence in Rosa Derricotte because she was educated, and plaintiff was ignorant, and could not read or write; that because of her inability to read and write, and lack of money with which to pay an attorney, she was ignorant of her alleged rights, and did nothing with respect thereto for a period of over six years and until informed about them by her present attorney shortly before the filing of her petition on February 23, 1959.

She prays: (1) for process; (2) for a decree declaring the deed of Curtis M. Cook, as executor, to Rosa Derricotte canceled, null, void, and of no effect, and that the property described in the second paragraph of the purported will and in the deed referred to be declared the property of the plaintiff; (3) for a decree declaring the loan deed from Rosa Derricotte to Georgia Savings Bank & Trust Company null and void; (4) that the defendant Rosa Derricotte and the defendant real-estate agent be temporarily and permanently enjoined from collecting any further rents from the various tenants; (5) decreeing that plaintiff was never served with due and official notice of the probate proceedings, and that the will and all proceedings under the same are null and void; (6) that the defendants Rosa Derricotte and the bank be temporarily and permanently enjoined from making any further loan, or from foreclosing the present loan deed; (7) for a temporary and permanent injunction restraining the defendant Rosa Derricotte

from any longer holding in her possession any money, furniture, china cabinet, and any and all property or thing of value which belongs to the estate of either Dock or Roxie Leverette; (8) for a rule nisi; (9) for an order restraining the plaintiff and all tenants named in the petition from paying any future rents to either the defendant Rosa Derricotte or the real-estate agent, and that the court order said rents to be paid into the registry of the court; (10) for a judgment against Rosa Derricotte for $7,200 received by her as rents, together with interest, and for an accounting in full of all rents and profits she has received from the real estate involved; (11) for a general and special lien against all property, both real and personal, of the defendant Rosa Derricotte, until all claims of the plaintiff are satisfied; (12) that the defendant Rosa Derricotte be required to produce at all hearings certain books, records, and writings; (13) for a temporary and permanent injunction against Rosa Derricotte from filing any proceedings in any nature in an attempt to oust or dispossess the plaintiff; (14) that Rosa Derricotte be temporarily and permanently enjoined from in any way molesting, injuring, physically or otherwise, the plaintiff, and from in any way interfering with her quiet enjoyment of the property and premises at 28 Crumley Street; (15) that Rosa Derricotte be enjoined from coming on the premises; and (16) for general relief.

To this petition as amended the defendant Rosa Derricotte made a motion to dismiss in the nature of a general demurrer, and the other defendants, Curtis M. Cook, and Georgia Savings Bank & Trust Company demurred generally and specially. The special demurrers were not passed upon, and to the judgment sustaining the motion to dismiss and the general demurrers and dismissing the petition, the plaintiff excepts. *Held:*

1. "A contract by a person to adopt a child of another as his own 'is not self-operating; heirship does not grow out of it.'" *Parnelle* v. *Cavanaugh*, 191 *Ga.* 464, 465 (1) (12 S. E. 2d 877); *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (NS) 773); *Baker* v. *Henderson*, 208 *Ga.* 698, 702 (b) (69 S. E. 2d 278). A contract or agreement that one shall have a child's part of an estate for services to be performed in taking care of another does not make such person an heir. *Bunting* v. *Dobson*, 125 *Ga.* 447 (54 S. E. 102).

2. While "A parol agreement by a person to adopt the child of an-

other as his own, accompanied by a virtual though not a statutory adoption, and acted upon by all parties concerned for many years during the obligor's life, may be enforced in equity upon the death of the obligor, by decreeing the child entitled as a child to the property of the obligor, *undisposed of by will*" (italic ours), (*Copelan* v. *Monfort*, 153 *Ga.* 558 (1), 113 S. E. 514; see also *Ezell* v. *Mobley*, 160 *Ga.* 872, 129 S. E. 532, and *Parnelle* v. *Cavanaugh*, 191 *Ga.* 464, supra), the plaintiff's petition in the instant case discloses that all of the properties of the alleged foster parents, both real and personal, were bequeathed and devised by the will of Roxie Leverette to the defendant Rosa Derricotte, except the personal property bequeathed to the plaintiff by Item 4 of that will, and that there now remains in the estate of the alleged foster parents no property subject to the enforcement of the plaintiff's claim.

3. While "A judgment admitting a paper to probate in solemn form as a will is not binding upon heirs at law who had no notice of the application for such probate" (*Medlock* v. *Merritt*, 102 *Ga.* 212 (2), 29 S. E. 185; see also *Foster* v. *Foster*, 207 *Ga.* 519, 63 S. E. 2d 318), under the authorities cited in Division 1 of this opinion the plaintiff was not an heir at law of Roxie Leverette, and was not entitled to service or notice of the proceedings to probate her will. Code § 113-602 as it existed at the time of the proceedings here attacked contained no requirement for service upon or notice to devisees and legatees under a will sought to be probated, that requirement having been added to the Code section by Ga. L. 1958, p. 657 (Code, Ann., § 113-602).

4. A judgment of discharge obtained by an executor cannot be set aside by adult heirs who are sui juris, unless they attack it by a proceeding commenced within three years from the date of its rendition. Code § 3-702; *Summerlin* v. *Floyd*, 124 *Ga.* 980 (53 S. E. 452); *Warnock* v. *Warnock*, 206 *Ga.* 548 (57 S. E. 2d 571). A court of equity will not relieve from the bar of the statute of limitations where a party has remained inactive from ignorance of his rights. *Adams* v. *Guerard*, 29 *Ga.* 651 (3) (76 Am. Dec. 624); *Davis* v. *Boyett*, 120 *Ga.* 649 (2) (48 S. E. 185, 66 L. R. A. 258, 102 Am. St. Rep. 118, 1 Ann. Cas. 386); *Canady* v. *Flanders*, 151 *Ga.* 531, 533 (107 S. E. 533).

5. Applying the foregoing rulings to the petition, the trial court did not err in sustaining the motion to dismiss, and the general demurrers of the defendants, and in dismissing the plaintiff's petition.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960— REHEARING DENIED APRIL 27, 1960.

*William A. Thomas,* for plaintiff in error.

*G. Ernest Tidwell, Clyde W. Carver, Wm. G. Grant, Robert W. Spears, D. L. Hollowell,* contra.