21692. STROTHER et al. v. KENNEDY, Executor, et al.

CANDLER, Justice. John U. Strother, of Richmond County, executed a will on August 26, 1956, in which he named F. Frederick Kennedy executor. After Strother's death on April 9, 1958, his will was probated in solemn form in the Court of Ordinary of Richmond County, and no exception was taken to that judgment. By item 3 he bequeathed to his wife, Rhebe Ducasse Strother, an interest in certain items of his property and $100 per month during the remainder of her life, but item 4 expressly provides that the bequest to her is in lieu of a child's part, dower, inheritance, or year's support. By items 6, 7, 8, and 9 he bequeathed small amounts of money to his former wife, two cousins, and a friend, all of which were paid. By item 10 he bequeathed the rest of his estate "of every kind, character and description," to five named persons as trustees for use by them in establishing and maintaining a home for indigent colored people 60 years of age or older residing in Augusta, Georgia, the home to be known

as "Strother's Old Folks Home." Item 12 provides that if the trust created by item 10 should, for any reason, fail, be set aside or declared void, Rhebe Ducasse Strother, his wife, should have a life interest in such fund with remainder over in fee simple to Joseph A. Strother. However, this item bequeaths the contingent life estate in such fund to her in lieu of the provision made for her in item 3 of the will and also in lieu of dower, child's part, inheritance, or a year's support. After the will was probated, Mrs. Strother applied for a year's support from his estate. The appraisers set apart to her $10,041 in cash and specified items of personal property which they valued at $1,959. Their return was made the judgment of Richmond County Court of Ordinary on September 2, 1958. She accepted the money and property set apart to her as a year's support and retained it. During January 1959, she applied for dower, and under the provisions of *Code* § 31-108 elected to take an amount of money which would belong absolutely to her in lieu of a life interest in one-third of the lands which he owned at the time of his death. Her election was assented to by the executor of her husband's estate and approved by the Ordinary of Richmond County. The commissioners assigned to her $15,000 and their assignment was made the judgment of the Superior Court of Richmond County on June 1, 1960. On June 14, 1960, she accepted from the executor, the $15,000 thus assigned to her and retained it. Her receipt therefor recites: "In consideration of such payment, the undersigned does expressly release and fully discharge said F. Frederick Kennedy, in his representative capacity aforesaid, from any and all further claims and demands which she has by virtue of being the widow of John U. Strother."

On December 20, 1960, Kennedy, as executor of Strother's estate, filed a proceeding in the Superior Court of Richmond County, in which he prayed for construction of the testator's will and for direction respecting distribution of his estate. Rhebe Ducasse Strother, Joseph A. Strother, the five persons named as trustees of the trust estate created by item 10 of the testator's will, and Eugene Cook as Attorney General of Georgia were named as proper, legal and necessary parties defendant. His petition alleges all of the facts stated above, and a copy of Strother's will is attached thereto as an exhibit. On July 25, 1961, Joseph A. Strother, one of the parties named in

Kennedy's proceeding for construction and direction, filed an application for stay of that proceeding under § 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stat. 1178), alleging that he was in military service and stationed overseas and that his rights would be materially and seriously affected by a prosecution of the proceeding in his absence. On a hearing of his application, a stay was granted until October 16, 1961, and to such order no exception was taken. Eugene Cook, as Attorney General, answered the petition by admitting some of its allegations and further stating that he was for want of sufficient information unable to admit or deny others, but asked for strict proof thereof. The five trustees of the property bequeathed to them by item 10 of the testator's will responded and alleged that the property devised to them for use in establishing and maintaining "Strother's Old Folks Home" in Augusta, Georgia, created a valid, enforceable charitable trust; that Mrs. Strother, as widow of John U. Strother, was his sole and only heir at law; that she had by her election to take dower and a year's support barred her right to take any further portion of his estate; that she, as such widow and sole heir at law of the deceased testator, is the only person who could have invoked the provisions of *Code Ann.* § 113-107, which declares: "No person leaving a wife or child, or descendants of child, shall, by will, devise more than one-third of his estate to any charitable, religious, educational, or civil institution, to the exclusion of such wife or child; and in all cases the will containing such devise shall be executed at least 90 days before the death of the testator, or such devise shall be void; Provided, however, that when the estate shall exceed $200,000 in value, the restrictions of this section shall not apply to such excess, and in estimating values that of a life estate under the annuity tables shall be included"; and that she, by her election to take a year's support and dower in lieu of the provision made for her by the testator's will, had precluded herself from her right as a widow to assert in her behalf the provisions of the above quoted Code section.

Joseph A. Strother responded to the executor's petition for construction and direction and alleged: In 1939, John U. Strother and Elise B. Strother (a former wife of John U. Strother) entered into a contract with Pinkie C. Bussey (respondent's

mother) by the terms of which they agreed to legally adopt respondent, and pursuant to that contract his mother gave custody of him to the Strothers and relinquished her parental rights to them. At that time, the Strothers agreed with Pinkie C. Bussey that, if respondent survived them, he would receive all of their property on the death of the one surviving the other. Respondent was given the name of "Joseph Albert Strother." He remained with the Strothers until 1949, was cared for and educated by them. He, in turn, rendered to them absolute filial devotion, obedience and services consistent with his age and knew no other persons as his parents, but they failed to take the necessary action to legally adopt him as their son as they had agreed to do. He further alleged that the estate left by John U. Strother was valued at more than $450,000 by appraisers appointed by the Ordinary of Richmond County, and that more than one-third of his estate was bequeathed to the trustees of such purported trust he sought to create by item 10 of his will. He also alleged that the trust which the testator attempted to create has failed because the subject of such trust is uncertain and unenforceable under the laws of this State; and since testator's widow has elected not to take under testator's will, he is, as remainderman under item 12 of his will, entitled to all of the property mentioned in item 10 of the will.

Kennedy, as executor, demurred to his response and moved to strike it on the grounds that it fails to allege any fact which would entitle him to the relief sought thereby; that it fails to allege any facts which are sufficient to show that he is entitled to any part of the testator's estate under the provisions of his will; and that, since his response affirmatively shows on its face that he is neither a natural child nor a legally adopted child of the testator, he is not entitled to invoke the provisions of *Code Ann.* § 113-107. The court sustained these grounds of demurrer and struck his response. On the trial, F. Frederick Kennedy testified that the allegations of his petition were true and that the testator's estate was worth approximately $350,000 and it is conceded that the testator by item 10 of his will devised more than one-third of his estate to the charitable trust which he thereby sought to create. The case resulted in a final decree sustaining the validity of the trust estate created by the testator and direc-

tion to the executor to pay over to the trustees all of the property bequeathed to them by item 10 of the testator's will. Mrs. Rhebe Ducasse Strother and Joseph A. Strother excepted. *Held:*

1. "A devise or bequest to a charitable use will be sustained and carried out in this State." *Code* § 113-815. "Equity has jurisdiction to carry into effect the charitable bequests of a testator, or founder, or donor, where the same are definite and specific in their objects, and capable of being executed." *Code* § 108-201. "The following subjects are proper matters of charity for the jurisdiction of equity: Relief of aged, impotent, diseased, or poor people." *Code* § 108-203. "It is a cardinal rule in the construction of wills to give effect to the *intention* of the testator, when the same can be done without violating any settled principle of law." *Beall v. Fox,* 4 Ga. 403, 427; *Moss v. Youngblood,* 187 Ga. 188 (3) (200 SE 689). In the instant case the testator bequeathed the residue of his estate to five trustees and authorized them to use it for the purpose of establishing and maintaining a home for indigent colored people residing in Augusta, Ga., who were sixty years of age or older. He authorized and empowered such trustees and their successors to select those persons who came within the provisions of the bequest and to furnish them living quarters, food, laundry and bed linen without charge therefor. Hence, there is clearly no merit in the contention that the charitable trust which the testator created is void for uncertainty and for that reason unenforceable under the laws of this State. *Houston v. Mills Memorial Home, Inc.,* 202 Ga. 540 (43 SE2d 680), and the several cases there cited.

2. A testator may by his will make provision for his wife in lieu of a year's support and dower. *Code* § 113-1007; *Bass v. Douglas,* 150 Ga. 678 (104 SE 625). Compare *Holt v. First Nat. Bank &c. Co. in Macon,* 180 Ga. 184 (178 SE 433). And where, as in this case, the testator made certain bequests to his wife, but expressly provided that they were in lieu of a year's support and dower and she applied for and received both from his estate, she, by such an election, completely excluded herself from his will. *Smith v. Davis,* 203 Ga. 175 (45 SE2d 609). Since Mrs. Strother—the testator's widow—elected not to take under his will, she is in no posi-

tion to invoke the provisions of *Code Ann.* § 113-107 which prohibits a testator from devising more than one-third of his estate to any charitable use to the exclusion of his wife, child or the descendants of a child; and this is especially true, since an invocation of that section could not possibly result in any benefit to her after she had taken both a year's support and dower from his estate which are expressly declared to be in lieu of any provision his will made for her.

3. *Code Ann.* § 113-107 is a limitation on testamentary power and applies only to those persons named in the statute. The prohibition is not made in the public interest, but only for the prevention of what the statute regards as a private wrong to a widow, child or the descendants of a child. Such statute does not prohibit a devise for charitable uses; on the contrary, such devises are expressly authorized by law, and are favored by the declared policy of the State. *Monahan v. O'Byrne*, 147 Ga. 633 (95 SE 210), and the authorities there cited. From the ruling made in the preceding division, it necessarily follows that Mrs. Strother, under the express provisions of the testator's will, is not entitled to a life estate in any portion of the property he bequeathed by item 10 of his will for a charitable use, though the amount so bequeathed by him exceeds that sum which he could legally devise for such a use under *Code Ann.* § 113-107. Her life interest in such excess, like other bequests he made to her, being expressly in lieu of a year's support and dower from his estate.

4. As shown by our statement of the facts, Kennedy, as executor of the testator's estate, demurred to Joseph A. Strother's response and moved to strike it on the ground that it fails to set forth allegations sufficient to entitle him to the relief sought thereby. We think the court properly struck his response. A pleader must allege his cause plainly, fully and distinctly. *Code* § 81-101. Essential allegations will neither be implied nor presumed but must be distinctly alleged; otherwise the pleading is defective. *Ewing v. Paulk*, 208 Ga. 722 (69 SE2d 268). It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that, if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties.

*Krueger v. MacDougald*, 148 Ga. 429 (96 SE 867). It is also a well settled rule that pleadings must be construed in the light of their omissions as well as their averments. *Houston v. Pollard*, 217 Ga. 184 (121 SE2d 629). The response filed by Joseph A. Strother alleges that he was born December 31, 1927, in Richmond County, Georgia, the seventh child of Pinkie C. Bussey and as such was known as "Joseph Albert Bussey." The husband of Pinkie C. Bussey was James Bussey who died on or about September 29, 1938. There is no allegation in his response showing when Pinkie C. Bussey married James Bussey or that James Bussey was in fact the father of respondent or that he was born while Pinkie C. Bussey and James Bussey were married to each other. Strangely, the pleader omits from his response any allegation affirmatively showing the relationship between Joseph A. Strother and James Bussey. Properly construed, his response does not show that Pinkie C. Bussey, his mother, had the exclusive right to contract with the Strothers for his adoption; and in the absence of allegations affirmatively showing her exclusive right to do so, this court cannot hold that the contract she made with the Strothers to adopt him was a valid contract of adoption. This court will always assume that a pleader has stated his case as strongly in his favor as the facts will justify (*Morgan v. Mitchell*, 209 Ga. 348, 351, 72 SE2d 310), and a positive allegation showing that a legal adoption of the respondent could be accomplished on Pinkie C. Bussey's consent alone was necessary to show the validity of the adoption contract she allegedly made with the Strothers. See *Code Ann.* § 74-403. *Mock v. Neffler*, 148 Ga. 25 (95 SE 673); *Crum v. Fendig*, 157 Ga. 528 (121 SE 825); and *Scott v. Scott*, 169 Ga. 290 (150 SE 154). However, this ruling should not be construed as an intimation by this court that it would have been erroneous for the court to strike Joseph A. Strother's response even if its allegations had been sufficient to show that John U. Strother and his former wife made a valid adoption contract with Pinkie C. Bussey, his mother, as the only person whose consent was necessary for them to legally adopt him, which contract the Strothers afterwards breached by their failure to adopt him. Even as a "virtually adopted child" of John U. Strother, the testator, he is not one of the persons enumerated in *Code Ann.*

§ 113-107 who can invoke its provisions. See *Crawford v. Wilson*, 139 Ga. 654 (78 SE 30, 44 LRA (NS) 773); *Baker v. Henderson*, 208 Ga. 698, 702 (69 SE2d 278); *Foster v. Cheek*, 212 Ga. 821, 827 (96 SE2d 545); and *Banes v. Derricotte*, 215 Ga. 892 (1) (114 SE2d 12) and the cases there cited. Since neither Rhebe Ducasse Strother nor Joseph A. Strother can, for reasons previously stated, invoke the provisions of *Code Ann.* § 113-107, it necessarily follows that the charitable trust created by item 10 of the will is unaffected by the provisions of this Code section, though the amount bequeathed or devised for such purpose exceeds one-third of the testator's estate. And since the record shows that there has been no reversion of the amount bequeathed by the testator for a charitable use, we hold that Joseph A. Strother, as a contingent remainderman of such trust fund, is not entitled to any part thereof.

5. For no reason assigned is the judgment complained of erroneous. Hence, the court correctly directed the executor to pay over to the trustees all of the property bequeathed to them by item 10 of the testator's will.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 11, 1962—DECIDED JUNE 25, 1962—
REHEARING DENIED JULY 11, 1962 AND JULY 16, 1962.

*Cumming, Nixon, Eve, Waller & Capers, Calhoun & Mobley,* for plaintiffs in error.

*Killebrew, McGahee & Plunkett, Boller & Yow,* contra.