39392. STROTHER v. KENNEDY, Executor.

BELL, Judge. Movant brought the present action against the executor of the will of John U. Strother as a motion in the nature of an application authorized by the Soldiers' and Sailors' Civil Relief Act of 1940 to set aside a previous verdict and decree in an action brought by the executor to determine who were the heirs at law, legatees and distributees entitled to participate in the division of the estate of the deceased. While the movant alleged facts sufficient otherwise to warrant

the granting of the motion to set aside the verdict and decree as to him only, the Act of Congress requires as a condition of opening the judgment that it be made to appear that the movant has a meritorious or legal defense to the action or some part thereof. 50 U.S.C.A. App. Sec. 520 (4).

As an attempt to assert a meritorious defense, the movant alleged in his response to a separate action brought by the executor for the construction of the will of the deceased that he (movant) was the son of the deceased by virtue of a contract for his adoption entered into between his mother and the deceased and his wife. The Supreme Court of Georgia has interpreted these allegations as insufficient to set forth a valid contract for adoption. *Strother v. Kennedy,* 218 Ga. 180. Since the Supreme Court has held that the allegations of the contract of adoption relied upon to make the movant a child of the deceased by virtual adoption were insufficient, the movant's only asserted meritorious defense to the present action is refuted. Therefore, there does not exist one of the essential grounds required by the Soldiers' and Sailors' Civil Relief Act to authorize the setting aside and reopening of the judgment as to movant. The trial court properly denied the prayers of the movant's petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*

DECIDED JULY 17, 1962—REHEARING DENIED JULY 26, 1962.

*Cumming, Nixon, Eve, Waller & Capers, John D. Capers,* for plaintiff in error.

*Killebrew, McGahee & Plunkett, Paul K. Plunkett,* contra.