18676. SPURLOCK *v.* GARNER.

STEPHENS, J. 1. A written instrument executed by an employee to a person other than his employer, in substantially the same language as the writing described in *Central of Georgia Railway Co.* v. *King,* 137 *Ga.* 369 (73 S. E. 632), with the exception of a variation in the names, dates, and the amount of money, is, as was held in that case, an assignment by the person executing the instrument, transferring and assigning to the assignee mentioned therein the legal title to the particular money specified therein; and the legal title to the money assigned thereby and the right of possession thereto are vested in the assignee.

2. A salary assignment made by a debtor to a creditor in satisfaction of a past due debt is not void as lacking in consideration.

3. The legal title and the right of possession to the money assigned being in the assignee, any act of dominion asserted over the money by the assignor in denial of the assignee's title and right to possession of the money and inconsistent therewith, and by which the assignee is deprived of his title and right to the possession of the money, constitutes a conversion of the property by the assignor, for which an action in tort lies by the assignee against the assignor. *Merchants & Miners Transportation Co.* v. *Moore,* 124 *Ga.* 482 (52 S. E. 802); *Maxwell* v. *Harrison,* 8 *Ga.* 61 (6) (52 Am. D. 385).

4. Where an assignor who has made an assignment to another, in payment of a debt, of salary already earned by the assignor in the employ of a third person, files a petition in bankruptcy in which he schedules among his assets, as money due to him by his employer, the particular money which is the subject-matter of the assignment, and thereby directs it to the payment of debts due by him to his creditors generally, he thereby

exercises a dominion over the property of the assignee, in denial of the assignee's title and right to possession of the money and inconsistent therewith, and by which the assignee is deprived of his title and right to the possession of the money.

5. Where an employee, after having transferred and assigned his earned salary to another, wrongfully converts it to his own use, he is guilty of a wilful and malicious injury to property, within the meaning of § 17 (2) of the bankruptcy act as amended by the act of February 5, 1903 (32 Stat. 798, U. S. Comp. St. 1916, § 9608), and his liability to the assignee for such tortious act is not released by the assignor's discharge in bankruptcy. *Covington* v. *Rosenbusch*, 148 *Ga.* 459 (97 S. E. 78).

6. Where, in the execution of the instrument purporting to be a salary assignment, no fraud was practiced upon the assignor, and no fiduciary or confidential relation existed between him and the assignee, or the latter's attorney who procured the execution of the instrument, and where it appears that the assignor could read and write, and no excuse for not reading the instrument appears, the assignor can not evade liability under the contract upon the ground that he was fraudulently induced to execute it by representations, made by the attorney for the assignee, that the instrument was but an evidence of the assignor's indebtedness to the assignee. *Towns* v. *West*, 16 *Ga. App.* 300 (85 S. E. 274).

7. The written instrument constituting the salary assignment, being unambiguous and constituting a complete contract on its face, can not, in the absence of fraud, be varied or contradicted by contemporaneous parol agreements and understandings.

8. One who has purchased the salary of another, but who is not engaged, "generally, regularly, or collaterally to any other business, . . in the business of buying wages or salaries," is not required to obtain a license as required under the act approved August 15, 1904 (Ga. L. 1904, p. 79), as codified in §§ 3446 et seq. of the Civil Code of 1910, which provides that no person shall so engage "in the business of buying wages or salaries, without first obtaining a license for carrying on such business." The general tenor of this act is to require such licenses of persons engaged in the business, and not of a person not engaged in the business and who makes an isolated purchase of wages or salaries. Section 5 of this act, which is § 3453 of the Civil Code of 1910, which provides "that any sale or assignment of wages, or salary, whether made for the purpose of securing a debt in existence before said assignment is made, or for the purpose of procuring an advancement of money at the time the assignment is made, shall be governed in all respects by the provisions of this act," is not to be construed as requiring a person who is not "generally" engaged "in the business of buying wages or salaries," but who has made a single isolated purchase of salary by taking a salary assignment, to obtain a license as required by the act. This section is to be construed as bringing within the requirements of the act a sale and assignment of wages when made for the purpose of securing a debt, whether in existence or whether created at the time of the sale or assignment, in addition to an absolute sale of wages or salaries for which provision is made in section 1 of the act.

9. Under the above rulings the judge of the municipal court of Macon, upon the trial of a suit instituted by the assignee of salary against

the assignor, to recover damages for an alleged conversion of the money assigned by the defendant, did not err in striking the defendant's plea of bankruptcy, or in excluding evidence of fraud offered by the defendant, and under the undisputed evidence, did not err in directing a verdict for the plaintiff The judge of the superior court therefore erred in sustaining a certiorari sued out by the defendant.

10. Since the petition for certiorari should have been dismissed upon the ground that the petition does not show that error was committed in the trial court, it is unnecessary to pass upon the exception, made in the bill of exceptions, by the defendant in certiorari, who is the plaintiff in error here, to the refusal of the judge of the superior court to dismiss the petition for certiorari upon the ground that by the act approved August 7, 1925 (Ga. L. 1925, p. 463), abolishing the writ of certiorari to the municipal court of Macon, the superior court of Bibb county had no jurisdiction in the matter.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
Decided September 25, 1928.

*J. D. Hughes,* for plaintiff.   *E. F. Goodrum,* for defendant.