## 22268. HAZLEHURST v. SOUTHERN FRUIT DISTRIBUTORS INC.

STEPHENS, J.  1. It is a general rule that a constitutional question should be raised in a case at the earliest opportunity at which it can be appropriately raised, or it will be considered as having been waived. 12 C. J. 785; 6 R. C. L. 95. See also in this connection *Western & Atlantic Railroad* v. *Michael,* 172 *Ga.* 561 (158 S. E. 426). Whatever exceptions, if any, there may be to this rule, it would seem that where a plaintiff's right to recover is defeated by the application of the provisions of a statute, the plaintiff could very appropriately, and should, attack the constitutionality of the statute, and thereby allege a right of recovery, in the petition, or in an amendment thereto; and the failure of the plaintiff to do this should be considered as a waiver of his right, at a subsequent period in the progress of the case, to attack the constitutionality of the statute in oral argument merely when replying to a motion to nonsuit.

2. Where a person institutes a suit for the purpose of recovering a sum of money alleged to have been earned by him, as agent of another, in buying real estate for his principal, he can not recover if, in acting as such agent, he was a real-estate broker who had not obtained a license to act as such as provided in an act approved August 14, 1925, as amended by acts approved August 23, 1927, and August 27, 1929, regulating real-estate brokers and salesmen and providing licenses for them to do business in certain counties of this State. (Ga. L. 1925, p. 325; Ga. L. 1927, p. 307; Ga. L. 1929, p. 316.) The provisions of the act as amended prevent a recovery, and certainly the appropriate and necessary thing for the plaintiff to do, in order to allege a right to recover, is to attack the constitutionality of the act in the petition or in an amendment thereto by appropriate allegations, and a failure of the plaintiff to do this amounts to a waiver of his right to subsequently attack the constitutionality of the act where this is done only in an oral argument in reply to the defendant's motion for a nonsuit. Although the court may have held the act constitutional and granted a nonsuit, yet where the order granting the nonsuit contained no expressed ruling upon the constitutionality of the act, but merely in general terms granted a nonsuit, the record does not show that the court, in granting the nonsuit, passed upon a constitutional question raised by the plaintiff, or considered that the plaintiff's right to raise the constitutional question had been

454

waived. The case therefore is not one in which the constitutionality of the statute was "drawn in question," and which is reviewable only by the Supreme Court, and not the Court of Appeals. The Court of Appeals has jurisdiction of the case.

3. The act as amended, cited above, regulating real-estate brokers in certain counties in this State determinable by population, and providing that it shall be unlawful for any person, etc., "to engage in the business or capacity either directly or indirectly of a real-estate broker, . . without first obtaining a license under the provisions of this act," and that a "real-estate broker means any person, firm or corporation, who, for another and for a fee, commission, or other valuable consideration, sells, exchanges, buys, . . any estate or interest in real estate, . . ," has reference to and applies to a person who in a single transaction acts as agent for another in buying for a commission, or other valuable consideration, any estate or interest in real estate; and where such broker as agent buys an estate or an interest in real estate for another, without having obtained the license required by the act, he can not recover any commission or other thing of value for his services rendered. *Padgett* v. *Silver Lake Park Cor.*, 168 *Ga.* 759 (149 S. E. 180). The case of *Spurlock* v. *Garner*, 38 *Ga. App.* 614 (8) (144 S. E. 819), is distinguishable in that it appeared in that case that only persons engaged in the business described were required to obtain a license.

4. This being a suit to recover commissions alleged to have been earned by the plaintiff as a real-estate broker, in negotiating as agent for another the purchase of described property, where the petition is brought in two counts, one alleging a right to recover on a quantum meruit, and the other upon an express contract giving the plaintiff an interest in the property, and it appearing without dispute, from the evidence, that the alleged purchase of the property, which was a peach orchard, was made by the defendant in Fulton county, Georgia, in which the statute regulating real-estate brokers had application, and that therefore the plaintiff, who was, it was alleged, employed by the defendant as a broker or agent to purchase the property for the defendant, effected the purchase in that county, and it further appearing without dispute, from the evidence, that the plaintiff at the time had obtained no license as a real-estate broker as required by the act, the court did not err in sustaining the defendant's motion for a nonsuit.

5. It is immaterial to the plaintiff whether the second count of the petition, which was dismissed on demurrer, set out a cause of action.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 14, 1933.

*Beck & Beck, Harris, Harris & Popper,* for plaintiff.
*L. P. Goodrich,* for defendant.