·23209. BRINKMAN *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

DECIDED DECEMBER 15, 1933.

*P. C. Andrews, S. P: Cain,* for plaintiff.
*H. H. Merry, Bennet & Branch,* for defendant.

GUERRY, J. This is an action for damages against a railroad company, the alleged damage having been suffered by reason of a collision between an automobile of the plaintiff and a train of the defendant at a crossing within a municipality. The verdict was in favor of the railroad company. The plaintiff's motion for a new trial was overruled, and he excepted. He assigns as error the charge of the court that it was negligence per se for the plaintiff to drive his automobile approaching the crossing at a rate of speed in excess of ten miles per hour, and that if the plaintiff's own negligence was the efficient and proximate cause of the injury, he would not be entitled to recover. The act of 1921 (Ga. L. 1921, p. 256) provides that "Upon approaching any intersecting highway, bridge, railroad crossing, . . or in traversing such intersecting highway, bridge, railroad crossing, . . the operator of a motor-vehicle . . shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour." The act of 1927 (Ga. L. 1927, p. 237), section 12, subsection i, provides, that "An operator shall reduce speed at crossing or intersection of highways, on bridges, or sharp curves and steep descents, and when passing any animal being led on the highway." Section 29 of the same act provides that "all laws and parts of laws in conflict with this act be and the same are hereby repealed." In *Seaboard Air-Line Ry. Co.* v. *Benton, 43 Ga. App.* 495, 502, it was said: "The act of 1927 would seem necessarily to supersede both the act of 1910 and the act of 1921. . . While section 12 of the act of 1927 . . does not specifically regulate the speed of motor-vehicles on approaching a railroad-crossing, the intention of the legislature that the act of 1927, when taken in connection with the act of 1925, should cover the whole subject-matter of the operation of motor-vehicles on public highways is manifest. . . It would therefore seem that the entire legislation embodied in the acts of 1910 and 1921 governing the operation of automobiles on public highways was covered and superseded by the acts of 1925 and 1927, except as to railroad-crossings in municipalities, which might be and were intended to be regulated by municipal ordinance."

Counsel for the defendant insist that the statement in the *Benton* case, supra, "which might be and were intended to be regulated by municipal ordinance," is obiter, and, while conceding that

under the decisions in the cases of *Sapp* v. *Elrod,* 41 *Ga. App.* 356, *Central of Ga. Ry. Co.* v. *Keating,* 45 *Ga. App.* 811, and the *Benton* case, supra, the act of 1927 does supersede the acts of 1910 and 1921 so far as it applies to railroad-crossings without the limits of a municipality, insist that it did not repeal it in so far as it applied to railroad crossings in municipalities, because the act of 1927 nowhere seeks to regulate the operation of automobiles in approaching or traversing a railroad-crossing inside a municipality, and the repealing clause can not be said to have any effect upon the provisions of the act of 1921 covering the operation of motor-vehicles in approaching or traversing railroad-crossings in municipalities. With this contention we can not agree. The act of 1927 evidently intended to revamp and revise the laws with reference to operation of motor-vehicles. In *Butner* v. *Boifeuillet,* 100 *Ga.* 743, Atkinson, J., quoted approvingly the following language from Butler *v.* Russel, 3 Clifford, 251: "'Where the provisions of the old statute are revised in the later enactment, and where the later statute was intended to prescribe the only rules upon the subject, the subsequent is held to repeal the former statute. When a revising statute covers the whole subject-matter of antecedent statutes, it virtually repeals the former enactments, without any express provisions to that effect. Where some parts of the revised statute are omitted in the new law, they are not, in general, to be regarded as left in operation if it clearly appear to have been the intention of the legislature to cover the whole subject by the revision." This language was also approved in *Sapp* v. *Elrod,* supra, and *Central of Georgia Ry. Co.* v. *Keating,* supra. In *Horn* v. *State,* 114 *Ga.* 509, it was said: "The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication." It is clear that the act of 1927, was intended to deal exhaustively with the regulation of traffic as respects motor-vehicles, and the provisions of the act of 1921 were repealed respecting motor-traffic regulations both inside and outside of municipalities. The Supreme Court in the case of *Letton* v. *Kitchen,* 166 *Ga.* 124, in which the cause of action originated prior to the act of 1927, held that the speed of motor-vehicles in approaching or traversing inter-

secting highways, as prescribed in the act of 1921, does not apply to intersecting streets in a city, so that the approach of a motor-vehicle to an intersecting street in a city at a speed greater than ten miles per hour is not negligence per se. The same thing was held in *Shannon* v. *Martin*, 164 *Ga.* 872. While no express ruling has ever been made with reference to railroad-crossings within municipalities as to the application of State laws, it will be seen that while the provisions of the act of 1921 were in effect the Supreme Court held them to be without effect in a city. The language used in the *Benton* case, supra, is backed by reason and precedent, when it is stated that rules respecting railroad-crossings inside municipalities "might be and were intended to be regulated by municipal ordinance," under the act of 1927. The court therefore erred in charging the jury as set out, and this case is remanded for a new trial.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., disqualified.*