### 32852, 32853. GRANT *v.* McKIERNAN; and *vice versa.*

DECIDED JULY 7, 1950.

William P. Whelchel, J. B. G. Logan, Kimzey, Griggs & Crawford, for plaintiff in error.

Wheeler, Robinson & Thurmond, Irwin R. Kimzey, F. Jack Adams, contra.

GARDNER, J. 1. The cross-bill of exceptions recites that counsel for Mrs. McKiernan during the course of the trial "made an oral motion in the nature of a general demurrer to strike certain paragraphs contained in the cross-action filed . . by Mrs. Grant" the ground being that these paragraphs alleged negligence per se of the plaintiff in driving faster than the speed limit set by the Department of Public Safety, the contention being that the act of the legislature purporting to give the said Department authority to repeal provisions of general State law establishing lawful speed of automobiles on the highways was in contravention of article 3, section 1, paragraph 1 of the State Constitution. It is not clear from the record at just what stage of the trial this motion was made and overruled.

Under the authority of *West* v. *Frick Co.*, 183 *Ga.* 182 (187 S. E. 868), and *Hazlehurst* v. *Southern Fruit Distributors*, 46 *Ga. App.* 453 (1) (167 S. E. 898), the question of the constitutionality of the act in question was not properly before the trial court in that it was not raised at the earliest opportunity at which it could have been raised, and hence is not an issue in this court. In the *Hazlehurst* case it is stated; "It is a general rule that a constitutional question should be raised in a case at

the earliest opportunity at which it can be appropriately raised, or it will be considered as having been waived."

The request of counsel for the plaintiff in error on the cross-bill to transfer the bill and cross-bill of exceptions to the Supreme Court is denied.

2. The first special ground of the motion for new trial complains of the failure of the trial judge to charge that the act of the plaintiff in driving at a speed greater than that fixed by the Department of Public Safety in a restricted school speed zone as alleged in the cross-action was negligence per se, and that this was particular error in that "after the trial jurors had retired to their chambers for the purpose of, and during the course of their deliberations, the foreman of the jury called the judge to the door of the jury room and stated to him that he had not charged the jury concerning the thirty-five mile per hour speed limit alleged to have been in force at the time and place of the collision, and asked the judge whether or not the jury should consider such thirty-five mile per hour speed limit. In reply to this query, the court stated to such person, in the presence of the trial jurors, that he would let his charge to the jury stand as previously given without any further instructions."

In *Platt* v. *Southern Photo Material Co.,* 4 *Ga. App.* 159, 164 (60 S. E. 1068), Judge Powell, speaking for the court said: "The plaintiff who has established the fact that a defendant has been guilty of doing what he ought not to have done, or of not doing what he ought to have done, has something further to do, in order to show a cause of action in his behalf; he must show not only that he has directly and proximately suffered injury therefrom, but also that he is so related to the duty and the neglect thereof that he has the right to complain. Therefore, although an act be negligent, it does not afford a given plaintiff a cause of action, unless it is negligent *as to him;* and when the law-making power has created a particular obligation or has inhibited certain conduct, before a plaintiff can invoke that law in his behalf it must appear (to borrow an expression from the grammarians) that he, either in his own right or as a member of a class, is the indirect object of the legislative action. The statute being the direct object, he must occupy the relation expressed by the dative case, while the statute stands in the accusative." In that case

the plaintiff alleged negligence per se in the violation of a child-labor statute. The petition was held bad as to such negligence, because the plaintiff was not in the class for the benefit of which the statute was intended, being over the age-limit contemplated by the terms of the statute, but the petition was held good on the allegations. of common-law negligence.

The act of the legislature (Ga. L. 1939, p. 295, sec. 2 (c) ) giving authority to the Department of Public Safety to fix "special speed restrictions" in particular zones is codified as Code § 68-301 (c) (Ann. Supp.) While it is apparent that the general purpose of the act as a whole is to protect motorists one from another as well as to protect other users of the highways from motorists, the purpose of the subsection in question, as applied to school zones, is obviously not that. To borrow from the above quotation, the defendant was not in the dative case as to one exceeding the speed limit set in a special school zone, but children and others on their way to and from school would be. Hence it was not error to fail to charge that, if the plaintiff was running her automobile in excess of 35 miles an hour in such a school zone, it was negligence per se as to the defendant.

3. The second special ground of the motion for new trial complains of the failure to charge the law relating to emergencies, the defendant having pleaded emergency, and, as contended by counsel, having substantiated such pleading with evidence.

During the trial the plaintiff testified: "Mrs. Grant's car was only a few feet away when she turned across the road. . . I saw her coming but I didn't know she was going to turn. I did not see her hold out any hand or do anything to indicate that she had any intention of turning to the left. When I first saw her she was on the right hand side of the road, that is her right hand side. I was driving . . on the right hand side coming from Atlanta toward Gainesville . . I was in that, the right lane of traffic. I got close to her and all of a sudden she cut into me."

The defendant testified: "On the afternoon of this accident before I came to the intersection, I gave a timely signal and I slowed down. I saw there was nothing coming at the back or in the front and I started to make my left turn. I got across the main line with my fore wheels and I saw this car coming at

a rapid speed. I knew I wouldn't have time to make it across, and I swerved around to the right and put my foot on the brake and clutch and came to a stop in the car across the line, about the fore wheels or front wheels. I was not headed toward Buford. I was going across; I was making the intersection. I had started toward Buford and Atlanta. I came to the intersection to get on my side and when I got across there that car came at a rapid speed."

Both parties introduced evidence in support of their allegations, but the above-quoted statements are the sharpest in the record in support of the contentions of each party.

We are not certain that emergency was involved under the evidence in the case, but as it was pleaded by the defendant and evidence introduced in support of her pleading, it may have been error not to charge the principle that one acting in an emergency created by the negligence of another is not held to the same degree of accountability for his actions as would one not acting in such emergency.

However, under the evidence in this case, and under the peculiar pleadings by the defendant as to what the plaintiff should have done when she saw the defendant's car stopped in front of her in the road, it would have been as harmful to the defendant as to the plaintiff to have given such principle in charge. We hold, therefore, that this ground shows no harmful error.

4. As to the general grounds, the jury resolved the evidence in favor of the plaintiff, and no reversible error being shown in the charge, which was, as a whole, full and fair, this court will not disturb the verdict where there is any competent evidence to support it.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. MacIntyre, P. J., and Townsend, J., concur.*