## 34708. WHITLEY CONSTRUCTION COMPANY *et al.* *v.* PRICE.

DECIDED DECEMBER 1, 1953—REHEARING DENIED DECEMBER 15, 1953.

354

*Lokey, Bowden & Rolleston,* for plaintiff in error.

*Ralph Quillian, Nall & Sterne,* contra.

CARLISLE, J. ■ As counsel for the defendant have suggested in their brief, demurrers 1, 2, 3, and 7 all complain of allegations in the petition which deal with such things as the existence of a school zone at the situs of the collision between the corporate defendant's truck and the trackless trolley, signs on the highway calling attention to the presence of that school zone, and the fact that the trackless trolley was stopped at the time at a regular passenger stop for the purpose of taking on passengers, "including school children who had just completed their school attendance for that particular day and were en route to their respective homes," and the charge that the defendants were negligent in operating the truck in the school zone at a speed in excess of 40 miles per hour. The grounds of demurrer were all substantially the same, namely: that the allegations were irrelevant and immaterial, failed to disclose the violation of any legal duty owed to the plaintiff by the defendants, did not in any way affect the legal rights, obligations, and relations of the plaintiff to the defendants, constituted no proper basis for any claim of the plaintiff against the defendants, were calculated to confuse and mislead the jury, and were inflammatory and prejudicial to the defendants.

Special grounds 2, 3, and 4 (numbered 5, 6, and 7) of the motion for a new trial complain of the admission, over objection, of testimony in support of the allegations relative to the school zone, which were objected to in the demurrers enumerated above.

In demurrer 2, the defendants also demanded to know by whom and by what authority the school zone was created and the signs placed along the highway.

Special ground 5 (numbered 8) of the motion for new trial complains of the court's charge to the jury that a verdict for the plaintiff would be authorized if the jury found that the corporate defendant's truck was operated in excess of 20 miles per hour

in the school zone. The objection to the charge was that it set an improper and erroneous standard of care for the defendants, as the evidence in the case was uncontradicted that the plaintiff was not of the class for whose protection the school zone and the restrictive speed limitation were established, that is, she was not a school child or other person going to or returning from the school in the zone in which the collision occurred.

■ Even if we assume here, for the sake of argument, that the plaintiff did not belong to the class for whose protection the school zone and speed restriction were established, such that a violation of the school-zone speed limit would not have been negligence per se as to the plaintiff, and even if we assume for the sake of argument, that the plaintiff having failed to allege by whom and by what authority the zone was created and the signs erected, the zone and signs were unofficial, an application of the ruling of the Supreme Court in *Tyson* v. *Shoemaker*, 208 *Ga.* 28 (65 S. E. 2d 163) to the facts of this case is determinative of the questions raised by the grounds of the demurrer and the motion for new trial enumerated above. The ruling there is this: "That an act can not be declared to be negligence per se, or as a matter of law, does not preclude a finding by the jury that it was negligence as a matter of fact"; and the court held in the same case that "the existence of a stop sign, though unofficial, and the failure of the plaintiff to heed the sign, were relevant matters in a consideration of the diligence and negligence of the parties under the circumstances of this case, and such matters should have been submitted to the jury." Consequently, the trial court in the present case did not err in refusing to strike from the petition the allegations relative to the school zone and the school-zone signs, nor did it err in admitting, over objection, the evidence in support of such allegations. While a charge to the jury permitting them to take the existence of the school zone and the signs restricting the speed limit into consideration in determining whether the defendant was guilty of simple negligence in failing to heed the speed limitation indicated by the signs would be correct—the charge here complained of tended to instruct the jury that it would be negligence if the jury found that the defendant exceeded the 20-mile per hour limitation. This distinction should be kept in mind in charging the jury on the next trial of the case.

Since, under the ruling in the *Tyson* case, it is immaterial, in determining the question of the defendant's negligence at common law (simple negligence), whether the signs were official or unofficial, it is immaterial by whom and what authority the signs were erected, *insofar as the proof of the common-law-negligence aspect of the case was concerned.*

■ The allegations of paragraph 10 as amended, taken in connection with the allegation of subparagraph (e) of paragraph 22, charges the defendant with negligence per se, whether denominated negligence per se or not, if the school zone was designated, the speed of motor vehicles restricted, and the signs were erected, by proper authority. The defendants demanded to know by what authority the school zone was created and designated. The defendants were entitled to have this information when asked for by special demurrer, for the purpose of notice of what the plaintiff intended to prove as to this aspect of the negligence charged. *Kemp* v. *Central of Georgia Ry. Co.,* 122 *Ga.* 559 (50 S. E. 465), and citations; and the trial court erred in overruling special demurrer 2.

■ Insofar as we have been able to ascertain, there is no statute authorizing the establishment of school zones, *as such,* or restricting the speed of motor vehicles therein, outside the corporate limits of municipalities. If there exists any statutory power to create school zones outside of municipalities (*Long* v. *State,* 202 *Ga.* 235, 42 S. E. 2d 729), it exists by virtue of section 2 (c) of the Act of 1939 (Ga. L. 1939, pp. 295, 297; Code, Ann. Supp., § 68-301 (c)), which provides: "Whenever the Department of Public Safety shall determine, upon a basis of an engineering or traffic survey, that any speed herein above authorized is greater than is safe under the conditions found to exist on any segment of a public street or highway, said Department shall fix, determine and declare special speed restrictions thereat and therefor, and may put same into effect by erecting proper highway signs giving notice of said restrictions at such place or places."

The case of *Grant* v. *McKiernan,* 82 *Ga. App.* 82 (60 S. E. 2d 794) was presented to the court under the theory that there existed an express power on the part of the Department of Public Safety to establish school zones as such, and, of course, if that power existed school zones so established would be for the pro-

tection of school children and persons going to and from school, as was held in the *Grant* case, supra. However, upon a re-examination of the statute (Ga. L. 1939, pp. 295, 297; Code, Ann. Supp., § 68-301 (c)), we find that the power to establish school zones as such is not contained in the statute, but only the general power to restrict speeds, or establish speed limits lower than that fixed by the general speed law, on any segment of a public highway where the department, upon the basis of an engineering or traffic survey, determines that the general speeds authorized are greater than are safe under the conditions there found to exist. Any such restrictions so established are, of course, for the protection of all persons using the highway within such zones, and where such a zone happens to be a school zone, as the law exists, it is not solely for the protection of school children and persons going to or returning from the school, and the *Grant* case is not to be taken as stating the general rule applicable to such zones established by the Department of Public Safety.

■ Demurrer 5, objecting to subparagraph (a) of paragraph 22, which charges a violation of Code (Ann. Supp.) § 68-301 as negligence per se—whether valid or not—did not affect the final result of the case, and whether or not the court erred in overruling that demurrer, the defendants were not harmed thereby. The allegations of subparagraph (a), as amended, charging that the defendants exceeded the speed limit of 35 miles per hour established by Code (Ann. Supp.) § 68-301 for trucks having a gross weight of over 16,000 pounds, were especially excluded from the consideration of the jury by the court's charge that there was no evidence of the defendants' having exceeded the 35-mile per hour speed limit.

■ Demurrer 6 attacks subparagraph (d) of paragraph 22 on the grounds that it is too vague and indefinite and constitutes mere conclusions of the pleader without facts to support the same, and that it is not shown what the grade of the road was and what traffic conditions existed. It is alleged in this subparagraph that one of the conditions existing was that there was a thickly populated residential section at the situs of the collision. While the subparagraph might have been subject to some of the objections urged, it is not subject to all of them, and the trial court properly overruled the demurrer attacking the entire

subparagraph. *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321, 325 (60 S. E. 2d 802).

■ The rule applied in the foregoing division of this opinion is also applicable to demurrer 8 to subparagraph (f) of paragraph 22, and, for the reason there given, the trial court did not err in overruling that ground of the demurrer.

■ The allegation of subparagraph (g) of paragraph 22, that the defendants were negligent in failing to apply the brakes and reduce the speed of the truck in order to avoid striking the trackless trolley, is not subject to the criticism of demurrer 9, that it constitutes a conclusion of the pleader, and the trial court did not err in overruling that ground of the demurrer.

■ Assuming for the sake of argument that the act of 1921 (Ga. L. 1921, p. 257) was not impliedly repealed by the act of 1927 (Ga. L. 1927, p. 238) (see *Brinkman* v. *Atlantic Coast Line R. Co.,* 48 *Ga. App.* 121, 172 S. E. 113), that section of the act of 1921, codified as Code § 68-306, was not applicable to the factual situation alleged in the petition, and the trial court erred in overruling the demurrer thereto. There was no duty under the facts alleged for the defendants to sound the horn; and, since under the court's charge to the jury—that the plaintiff might recover if the defendants were guilty of any one of the acts of negligence charged in the petition—the jury might have found that the defendants' failure to sound the horn was negligence per se and therefore permitted the recovery, the error in failing to sustain the demurrer was not cured by the verdict or the charge of the court. The case must, therefore, be remanded for another trial.

■ While subparagraph (i) of paragraph 22 of the original petition, charging a violation of Code § 68-310, should have been stricken on demurrer, as the trackless trolley in this case is not a school bus within the meaning of that section of the Code (*Hanks* v. *Georgia Power Co.,* 86 *Ga. App.* 654, 657, 72 S. E. 2d 198), that subparagraph was stricken by amendment and especially excluded from the jury's consideration by the charge, and the trial court's failure to strike the allegation in the first instance did not operate to affect the final result of the case in any way adversely to the defendant.

■ While counsel for the defendants do not mention in their argument their demurrer 4 to paragraph 20, there is a general

insistence úpon all their demurrers, which is all that is necessary to require this court to pass upon the questions raised. Code § 6-1308; *Roberts* v. *Baker,* 57 *Ga. App.* 733, 735 (196 S. E. 104). Following the amendment to this paragraph of the petition which alleged that the plaintiff's inability to perform her household duties was an element of her pain and suffering, the paragraph was not subject to demurrer as seeking to recover on an element of damage in which the right was in her husband.

Since the case must be remanded for a new trial, it is unnecessary to pass upon those assignments of error in the amended motion for new trial which are unlikely to recur on such trial; and, therefore, special ground 1 (numbered 4), complaining that the verdict is excessive, special ground 6 (numbered 9), complaining of the court's failure to charge that the defendants were not required to answer the plaintiff's amendment, special ground 7 (numbered 10), complaining of the court's failure to limit damages to pain and suffering, and special ground 8 (numbered 11), complaining that the trial court intimated its opinion that the plaintiff had been injured in the collision, are not considered.

*Judgment reversed. Gardner, P. J., and Townsend, J.,* concur.