35555. ASSOCIATED CAB COMPANY *v.* BYARS.

DECIDED APRIL 11, 1955—REHEARING DENIED MAY 16, 1955.

*Harold Sheats, Paul Huckeby,* for plaintiff in error.

*Frank Love, Jr.,* contra.

QUILLIAN, J. ■ Special ground 1 of the motion for new trial complains that the judge charged the jury: "I charge you that, if you find that the driver of defendant's taxicab was, himself, driving in violation of some ordinance of the City of Atlanta, that he would be bound to anticipate that others, like himself, might violate a municipal traffic ordinance."

The defendant does not contend that the charge given was an incorrect statement of the law, but he insists that the court should, without being requested so to charge, have instructed the jury that the rule of law pronounced in the charge complained of was applicable to the plaintiff as well as to the defendant. In the language of *Edwards* v. *Capps,* 122 *Ga.* 827, 830 (50 S. E. 943): "As has many times been ruled, a charge which is not only abstractly correct but adjusted to one of the issues in a case can not be held erroneous simply because the court did not, in the same connection, give another pertinent instruction presenting the theory insisted on by the complaining party." This ground is without merit for the reasons assigned.

■ Special ground 2 assigns error, contending that the trial judge erred in charging the following: "Now, you will examine the evidence, gentlemen, and determine whether or not the plaintiff was negligent in the respect charged in the defendant's contention which I have just given to you; that is, gentlemen, you will determine whether or not there was a stop sign in existence at the place contended by the defendant and you will determine whether or not, under the evidence, the plaintiff's driver or the driver of the plaintiff's car was negligent in not observing and in not stopping at said stop sign. You will determine whether or not she failed to stop and whether or not if she did fail to stop, that constituted negligence under the circumstances existing at that time."

The defendant contends that, if the plaintiff's driver did not stop at the stop sign, this constituted negligence per se, and there was no discretion in the jury to determine whether or not the failure of the plaintiff's driver to stop was negligence, as the judge instructed the jury to do in the above charge.

In *Tyson* v. *Shoemaker*, 83 *Ga. App.* 33 (62 S. E. 2d 586), which was reversed by the Supreme Court on another point in the case, but not on the phase of the case which is involved here, it was held that a person who relies on a stop sign to prove a duty owed. to him must carry the burden of proving that such stop sign was erected and maintained in pursuance of a valid municipal ordinance. In this case the defendant contended that the plaintiff violated the ordinance and was negligent in failing to stop for the stop sign at the intersection where the collision occurred. Therefore, the burden was upon the plaintiff to prove that the stop sign was an official stop sign erected pursuant to a valid municipal ordinance. The only testimony was that of Police Officer C. J. Harris, as follows:

"Q. Is there, or not, any traffic control device or equipment at that intersection? A. There is a stop sign on Glenn at Crew. Q. Is that sign designed to control traffic going east on Glenn Street? A. Yes, sir."

This was evidence that a stop sign had been erected, but it did not establish by whom or under what authority, and therefore did not sufficiently prove that the stop sign was an official stop sign. Therefore it was not proven that it would have constituted negligence per se not to have observed the sign in question. We are constrained to hold that the stop sign in question was never proven to be an official stop sign and the judge would be bound to charge the principle of law applicable to unofficial stop signs rather than official stop signs.

It is a question of fact whether or not a person has failed to use ordinary care in not observing an unofficial stop sign, and therefore the charge was not error for the reasons assigned.

■ In special grounds 3 and 4 the defendant assigns error on the following instructions given in the charge: "If you find that the plaintiff was negligent and that her injuries were entirely the proximate result of her negligence, then it would be your duty to return a verdict for the defendant. . . The defendant con-

tends that the plaintiff failed to exercise ordinary care for her own safety and could by the exercise of ordinary care, have avoided injury to herself."

The defendant contends that, in referring to the plaintiff's negligence, the jury was led to believe that, unless the plaintiff was negligent in the actual driving of the automobile, she would be entitled to recover; when actually the plaintiff was liable for acts of negligence on the part of her daughter who was driving the automobile; as a result, this error deprived the defendant of its defense that it could not be held liable for damages if the driver of the plaintiff's automobile could have avoided the collision by the exercise of ordinary care.

The judge charged the jury: "I charge you also, gentlemen, that the driver of the plaintiff's car was the plaintiff's agent and if she was negligent in any respect, then that negligence is imputable to the plaintiff and is the plaintiff's negligence. Therefore, gentlemen, wherever I refer in this charge to the plaintiff's negligence, I am referring to the negligence which is imputable to the plaintiff by virtue of the relationship of the agency of the driver of that automobile to the plaintiff in the case." In this charge the judge made it clear that he was actually referring to the driver's negligence when he said the plaintiff's negligence, because the driver's negligence would be imputed to the plaintiff.

If the charge is clear enough to be understood by one of ordinary capacity and understanding, that is all that is required as to clarity. *Georgia Railroad* v. *Thomas*, 73 *Ga.* 350. In the present case the trial judge made it clear that he was referring to the negligence of the plaintiff's driver when he referred to the negligence of the plaintiff. *Auto Mutual Indemnity Co.* v. *Campbell*, 56 *Ga. App.* 400 (3) (192 S. E. 640). These grounds are without merit for the reasons assigned.

■ Special ground 5 assigns error on the judge's refusal to admit in evidence a certified copy of an ordinance of the City of Atlanta requiring vehicles to stop at stop signs erected at street intersections. It was immaterial whether this evidence was admitted or not because the ordinance was pleaded by the plaintiff and admitted in the defendant's answer. That which is pleaded and admitted need not be proven. *Jester* v. *Bainbridge State Bank*, 4 *Ga. App.* 469, 470 (5) (61 S. E. 926). This ground is without merit for the reasons assigned.

■ Special ground 6 assigns error on the word "taxicab" in the excerpt from the charge quoted in division 1 of this opinion. The defendant contends that this was harmful because it would lead the jury to believe the same degree of care did not apply to all drivers as did to taxicab drivers. This ground is without merit. *Orr* v. *Planters Phosphate &c. Co.*, 8 *Ga. App.* 59 (68 S. E. 779).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*