35877. RICHARDS & ASSOCIATES, INC. v. STUDSTILL.

Decided September 28, 1955—Rehearing denied October 13, November 1, 1955.

*Nelson & Nelson, Carl K. Nelson, A. Russell Ross,* for plaintiff in error.

*Will Ed Smith,* contra.

TOWNSEND, J. ■ One contention of the plaintiff in error is that if the petition sets out a cause of action against the co-defendant Mrs. Liggin for gross negligence it shows on its face that such negligence constituted an independent intervening cause of the plaintiff's injuries so as to render the corporation not liable for any negligence on its part, and if, on the other hand, as is contended, the petition does not set out a cause of action against Mrs. Liggin for gross negligence, the corporation's general demurrer should have been sustained because it is a nonresident defendant and no cause of action is set out against the sole resident defendant.

■ " 'Where one driving an automobile is so inattentive as to look to the side and not keep a constant lookout ahead, when

there is an object in his path which is clearly visible that he might run into,' the question is ordinarily one for the jury as to whether, under all of the proved relevant facts and circumstances of the case, his failure to exercise the precaution of looking along the street ahead of the vehicle is gross negligence. *Jordan v. Lee*, 51 *Ga. App.* 99 (3) (179 S. E. 739); *Smith v. Hodges*, 44 *Ga. App.* 318, 321 (161 S. E. 284). This would be especially true where the driver was approaching an intersection of main public streets in a city." *Capers v. Martin*, 54 *Ga. App.* 555 (4) (188 S. E. 465). Accordingly the petition here which alleges that Mrs. Liggin was guilty of gross negligence in that she entered an intersection of main public streets in a city at an unlawful rate of speed and without keeping a lookout ahead, while looking to the side and giving her attention to a private conversation, and in so doing collided with an automobile which had already entered and was more than half-way through the intersection, poses a jury question as to gross negligence on the part of the co-defendant and does not show on its face that the plaintiff in error here, an alleged joint tortfeasor, is being sued in the wrong form.

█ Nor does the petition show on its fact that Mrs. Liggin's negligence constitutes such independent intervening cause of the injury and damage to the plaintiff as to "insulate" the complaining defendant against any negligence of which it might be guilty. To do so, the petition would have to show on its face that the negligence of the plaintiff in error was not the proximate cause or concurrent proximate cause of the injuries in that the same result would have occurred whether or not the condition caused by the plaintiff in error had existed at the time. The act of the plaintiff in error was static—it created a condition which deprived motorists using Church Street traffic of the benefit of the traffic warning in the form of a stop sign erected pursuant to a city ordinance. The negligence of the co-defendant was active— she looked to the side of the road instead of ahead at the intersection and drove into an automobile which, under the allegations of the petition, not only had the right of way as a matter of law but also as a matter of fact, it being more than half-way across the intersection. Plaintiff alleges, however, that had the stop sign been in proper position the co-defendant, inattentive as she

was, and looking to the side though she was, would have seen it 150 to 250 feet away, and would have had her automobile under control and would have stopped before entering the intersection. In view of the fact that the petition alleges that Mrs. Liggin was looking to the side of the road, the only fair inference from this pleading is that it poses a question of fact for jury determination, and not, as contended, that it states only a conclusion unsupported by and contradicting the factual averments. The allegation here that *if* the plaintiff in error had properly replaced the stop sign, Mrs. Liggin, although negligent in other respects, would have seen it and discontinued her negligence is very similar to the allegation in *Western & Atlantic R.* v. *Groover,* 42 *Ga. App.* 200, 204 (155 S. E. 500), that *if* the defendant had removed the petitioner from the wreckage before backing its train, he would have received no injury other than that to his head, which was held not to be a conclusion of the pleader. Traffic signals are erected for the benefit of persons using the highway (*Whitley Construction Co.* v. *Price,* 89 *Ga. App.* 352 (1c), 79 S. E. 2d 416), and Mrs. Liggin here was deprived of the benefit of the warning that she was approaching a stop street which she would have had except for the negligence of the plaintiff in error. It is alleged that had she had such warning she would have heeded it, and such allegation raises an issue of fact rather than one of law. As stated in *Allyn & Bacon Book Pub.* v. *Nicholson,* 58 *Ga. App.* 729 (199 S. E. 771): "While the causal connection between an act of negligence and a resulting injury is not broken by an intervening act which immediately causes the injury where this act can, in the exercise of due care, be foreseen by the original wrongdoer, the negligence in the intervening act may concur with the negligence of the original wrongdoer in causing the injury, and the perpetrators of both acts may be joint tortfeasors." See also *Callahan* v. *Cofield,* 61 *Ga. App.* 780, 782 (7 S. E. 2d 592). Whether or not the negligence of Mrs. Liggin, if proved, constituted the independent intervening cause of the plaintiff's injuries, or only a concurrent proximate cause thereof, is accordingly a jury question.

█ It is alleged that the plaintiff in error was guilty of negligence per se in violating that provision of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov.-Dec. Sess.,

pp. 556, 572; Code, Ann. Supp., § 68-1617) to the effect that no person shall without lawful authority alter, injure or remove any traffic-control device or any part thereof. Other pertinent provisions of the act are as follows: Code (Ann. Supp.) § 68-1601 provides that the provisions of these chapters "relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways" with certain exceptions. Code (Ann. Supp.) § 68-1606 provides that the provisions of these chapters "shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein." Local authorities are by Code (Ann. Supp.) § 68-1607 (6) expressly given power to designate any highway as a through highway, but under subdivision (11b) such designation shall be ineffective until and unless signs giving notice thereof have been erected. Under Code (Ann. Supp.) § 68-1504, street and highway are made synonymous by definition. The act is accordingly construed to apply to streets and highways within the corporate limits of municipalities as well as without, and whether the traffic-control device is erected by authority of the State Highway Department under Code (Ann. Supp.) § 68-1610 or by local municipal authorities under Code (Ann. Supp.) § 68-1611, so that an unwarranted alteration of the stop sign would constitute a violation of Code § 68-1617, and would be negligence per se. As stated above, it is a matter for jury determination whether or not such negligence, if proved, would constitute a concurrent proximate cause of the injuries to the plaintiff so as to render the defendant in error liable for the acts of its employees in improperly replacing the stop sign and leaving it in such position that it could not be seen by traffic approaching the through street.

The petition set out a cause of action against the plaintiff in error, and the trial court did not err in overruling the general demurrers interposed.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*