### 36930.   PERKINS *v.* LAWLER.

Decided January 29, 1958.

*Preston L. Holland,* for plaintiff in error.

*Guy Parker,* contra.

NICHOLS, Judge. 1. The plaintiff's amendment to his motion for new trial assigns error on excerpts of the court's charge to the jury because the court failed to charge in connection therewith other principles of law. There is no contention that the excerpts of the charge complained of were not correct principles of law, but it is contended that it was error so to charge and not charge in connection therewith other correct principles of law.

"A charge which is adjusted to one of the issues of a case and is abstractly correct will not be held to be erroneous because it does not contain other instructions pertinent to the issues." *Associated Cab Co.* v. *Byars,* 92 *Ga. App.* 73 (1) (88 S. E. 2d 329). See also *Wilson* v. *Harrell,* 87 *Ga. App.* 793, 800 (75 S. E. 2d 436), where it was said: "A charge which is otherwise correct is not rendered incorrect or erroneous by the failure of the court to charge in connection therewith some other principle of law. See the numerous cases cited under the catchword, 'Omission,' in Code (Ann.) § 70-207." Accordingly, the special grounds of the plaintiff's amended motion for new trial do not show any reversible error.

2. The plaintiff sought to prove that the materials sued for were sold to the defendant's agent and that the defendant was originally liable for such material, or that the defendant ratified such sale to his agent and was therefore liable. There was evidence that the materials were sold to an independent contractor and not to the defendant's agent, and that no lien was filed on the defendant's property within three months as provided by Code (Ann.) § 67-2002 (2). Under this evidence the plaintiff was not entitled to a verdict, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*