38653. KAHLE v. BROWNING.

Decided April 4, 1961.

438

*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell,* for plaintiff in error.

*Marvin G. Russell, Turner Paschal,* contra.

JORDAN, Judge. 1. Ordinarily questions of diligence and negligence including contributory negligence and proximate cause are peculiarly for the jury and this court will decline to solve such questions on demurrer except when they appear palpably clear, plain and indisputable. *Rogers v. Johnson,* 94 Ga. App. 666, 680 (96 S. E. 2d 285) ; *Long Construction Co. v. Ryals,* 102 Ga. App. 66 (1) (115 S. E. 2d 726).

Under the factual situation appearing from the averments of the instant petition, a cause of action was clearly alleged against the defendant. It was a question for the jury, and not for the court on demurrer as contended by the defendant, as to whether the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's alleged negligence. Accordingly, the trial court did not err in overruling the general demurrer to the petition.

2. The allegations in paragraphs 3 and 11 of the petition, as to the general physical condition of the roadway in question and the defendant's knowledge of the same, simply constituted matters of inducement, and were not absolutely irrelevant so as to be subject to being stricken. The special demurrers to these paragraphs were without merit.

3. Paragraph 20 (b) of the petition specified that the defendant was negligent: "In driving at a speed greater than 35 miles per hour on a roadway which defendant knew contained many curves, hills, dips, inclines and declines, as well as many driveways leading into said roadway from and into which automobiles might reasonably be expected to be using." The defendant demurred to this paragraph and moved that it be stricken as an allegation of negligence because the petition failed "to show any causal connection between the defendant's knowledge of the alleged conditions of the road and the cause of the accident." Under the averments of the petition which disclosed that the condition of the roadway in question in the immediate vicinity of the collision afforded the defendant an unobstructed view of the point of collision from a distance of 500 feet, this specifica-

tion of negligence, based on the defendant's knowledge of the alleged condition of the roadway in general, was subject to the special demurrer filed thereto and should have been stricken by the trial court.

*Judgment affirmed in part and reversed in part. Townsend, P. J., Carlisle and Frankum, JJ., concur.*