21267. HOUSTON, Executor v. POLLARD.

ARGUED JUNE 12, 1961—DECIDED SEPTEMBER 8, 1961.

*Ford & Houston, Joe L. Houston,* for plaintiff in error.
*Robert B. Williamson,* contra.

HEAD, Presiding Justice.  1.  The petition in the present case nowhere alleges any consideration for the execution of a will by the deceased, W. C. Manning, wherein he would leave his estate to the petitioner.  In paragraph 7, after alleging the contract and agreement between the parties as to the execution of a deed to secure debt and notes in connection therewith, it is stated: "And the said W. C. Manning further agreed at said time in said oral agreement and oral contract to make a will in which he would devise and bequeath the said 67 acre tract of land, and any and all equity and interest he might have therein at the

time of his death to Mrs. Virginia Manning Pollard, your petitioner."

This is the sole allegation in the petition as to any agreement for the execution of a will by the deceased devising his property to the petitioner. It is not alleged that the consideration for the execution of a will by the deceased is the same consideration as that for the execution of the deed to secure debt, nor does such allegation otherwise show any consideration for the execution of the will.

"Essential allegations will neither be implied nor presumed, but must be distinctly averred; otherwise, the petition is defective." *Ewing v. Paulk,* 208 Ga. 722 (69 SE2d 268). "Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867); *Hulsey v. Interstate Life &c. Insurance Co.,* 207 Ga. 167, 169 (60 SE2d 353)." *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (94 SE2d 736). It can only be presumed that the petitioner placed her case in the light most favorable to her position, and that she did not allege any consideration for the execution of the will because, in fact, there was no such consideration.

2. The petition alleges that "the amount contemplated between petitioner and her father to be advanced yearly was $600 and considering the uncertainty of how long this would be required and the likelihood of further advances occasioned by ill health and the payment of last sickness and funeral expenses the said W. C. Manning realized that the probability was that at his death he would have a very small equity, if any at all in this tract of land." This allegation of the petition is vague, uncertain, and indefinite. Was it the agreement that the petitioner would pay the expenses of the last sickness and the funeral expenses of the deceased? This is inferred, but is not specifically stated.

"A contract upon which specific performance is sought must

be certain, definite and clear, and so precise in its terms that neither party can reasonably misunderstand it." *Studer v. Seyer*, 69 Ga. 125, 126; *Coleman v. Woodland Hills Co.*, 196 Ga. 626 (27 SE2d 226); *Bullard v. Bullard*, 202 Ga. 769 (44 SE2d 770); *Charles v. Simmons*, 215 Ga. 794, 797 (113 SE2d 604).

Applying the rule that on general demurrer the allegations of the petition must be construed most strongly against the pleader, the alleged agreement as to the consideration was not certain, definite, and clear, with that degree of preciseness in its terms so that neither party might reasonably misunderstand it.

3. If the petition should properly be construed as alleging that the agreement included the obligation on the part of the petitioner to pay the expenses of the last illness and the funeral expenses, then and in that event, there has been no compliance by the petitioner with this part of the agreement, for it is elsewhere shown in the petition that funeral expenses have not been paid, and the petition is wholly silent as to the payment of expenses connected with the last illness of the deceased.

"The specific performance of a parol contract as to land shall be decreed, if the defendant admits the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he cannot be restored to his former position. . ." *Code* § 37-802. Under the allegations of the petition with reference to the deed to secure debt, the petitioner has not so far performed her contract that she can not be restored to her former position, but, on the contrary, she can be reimbursed for every dollar advanced to her father, since under the allegations of the petition the value of the property of the deceased is in excess of the amount advanced by the petitioner under the deed to secure debt.

4. The petitioner seeks to recover on the basis of an alleged agreement to make a will. She attaches to her petition a copy of the will of the deceased which he actually executed on the same date the deed to secure debt is alleged to have been executed, and which will was nullified as a matter of law by his remarriage. *Code* § 113-408, as amended by Ga. L. 1952, pp.

196-197; *McWhorter v. O'Neal*, 121 Ga. 539 (49 SE 592). Item 3 of the will recited in part as follows: "I am old, and have no income for my livelihood except the small amount received from 'Worth County Welfare.' The small amount received from the farm being required to pay taxes, insurance and loan payment. I have recently informed each of my children of my circumstance, and the fact that the small amount I receive will not purchase the necessities of life. Each of my children, except Mrs. Virginia Pollard, informed me that they were not able to give me any assistance whatsoever. Mrs. Virginia Pollard has agreed to furnish me at least fifty dollars a month, as long as I live, and to secure her I have this day executed a note and deed to secure debt in order to secure her from any loss whatsoever. It is also true that she has been very liberal in her contributions to me for a number of years. Since my said daughter, Mrs. Virginia Pollard, has seen fit to help me at this critical time, I feel that it is only right that I give her what equity I might have in this property at the time of my death."

This recitation on the part of the deceased as to why he was executing a will leaving his property to the petitioner clearly shows that it was not pursuant to any contract, but was because of appreciation, since his daughter had agreed to advance him money monthly under a deed to secure debt and had otherwise given him assistance.

Where the allegations of a petition and the exhibits attached thereto are in conflict (as in the present case as to the testator's reasons for the execution of his will), it is the general rule that the allegations of the petition must yield to the contradictory exhibits attached thereto. *Vandiver v. Endicott*, 215 Ga. 250 (109 SE2d 775); *Harris v. Ackerman*, 88 Ga. App. 128 (76 SE2d 132); *Miles v. State of Ga.*, 96 Ga. App. 610, 615 (101 SE2d 173); *Dell v. Kugel*, 99 Ga. App. 551, 563 (109 SE2d 532).

Under the foregoing rulings, the petition did not state a cause of action for specific performance of an oral contract to make a will, and the court erred in overruling the general demurrers of the executor.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., Candler and Mobley, JJ., who dissent.*