41343. HILLHOUSE v. C. W. MATTHEWS CONTRACTING COMPANY.

74

Submitted June 8, 1965—Decided June 24, 1965—
Rehearing July 13, 1965.

█

*Johnson & Johnson, Jean E. Johnson, Jr.,* for plaintiff in error.
*R. M. Reed,* contra.

NICHOLS, Presiding Judge. "It is a well settled rule that pleadings must be construed in the light of their omissions as well as their averments. *Houston v. Pollard,* 217 Ga. 184 (121 SE2d 629); *Strother v. Kennedy,* 218 Ga. 180, 186 (127 SE2d 19)." *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311, 313 (130 SE2d 236). And if an inference unfavorable to the right of the party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. See *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (1) (94 SE2d 736), and citations.

The plaintiff alleged that he gave a turn signal and proceeded to make a left turn at a time when the intersection was clear of oncoming traffic. However, there was no allegation that there was no oncoming traffic "so close thereto as to constitute an immediate hazard," as required by *Code Ann.* § 68-1651, before the plaintiff would obtain the right of way in such intersection. Nor did the allegation that the plaintiff observed the defendant's truck *after* he had reached the southeast corner of such intersection show such oncoming traffic was not an immediate hazard at the time the plaintiff began to make his left turn, there being no facts alleged as to why the defendant's truck was not visible to the plaintiff.

Therefore, construing the petition in the light of its averments as well as its omissions, under *Code* § 105-603, the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence by waiting until oncoming traffic was not so close as to constitute an immediate hazard, and the allegations of negligence all being allegations of acts observable to the plaintiff if he had looked, and based, either directly or indirectly, on the excessive speed of the defendant's agent, failed to set forth a cause of action against the defendant, and the judgment of the trial court sustaining the defendant's general demurrer was not error for any reason assigned.

76

*Judgment affirmed. Eberhardt, J., concurs. Pannell, J., concurs, specially.*

PANNELL, Judge, concurring specially. I cannot agree that the failure on the part of the plaintiff to allege the existence of all the requirements of Art. IX, § 73 of the Act of 1953 approved January 11, 1954 (Ga. L. 1953, Nov. Sess., pp. 556, 590; *Code Ann.* § 68-1651), necessary to entitle plaintiff to the right of way when making a left turn at an intersection, precludes a recovery as a matter of law under the facts of the present case. I agree, however, that the failure of the plaintiff to look for oncoming traffic before making a left turn at the intersection does bar his recovery, and for this latter reason only I concur in the judgment affirming the trial judge in sustaining the general demurrer to the petition.