42152, 42153.   SANDEFUR v. MILLER  (two cases.)

JORDAN, Judge.  J. W. Sandefur, Jr. and his wife, Anita Y. Sandefur, filed separate suits against R. W. Miller to recover for injuries and damages sustained when Mr. Sandefur's auto-

mobile which was being operated by Mrs. Sandefur was struck from the right by an alleged family purpose car owned by the defendant and being operated by his son, as the plaintiffs' vehicle was making a left turn from the Macon Road onto the Cody Road in the City of Columbus. The petition as amended alleged that the plaintiffs' automobile had the right of way at the intersection since the defendant's automobile (which was proceeding on Macon Road in the opposite direction from that of the plaintiffs' vehicle prior to the left turn) was not in the intersection or so near thereto as to constitute an immediate hazard but was observed by Mrs. Sandefur as being approximately 700 feet from the intersection at the time she stopped therein for the purpose of turning left as indicated by her flashing turn signal; and it was alleged that the collision was proximately caused by the negligence of the defendant's son in operating the defendant's automobile at a speed of 60 to 70 miles per hour in a 40 mile per hour zone in violation of a quoted municipal ordinance, and by the failure of the defendant's son to yield the right of way to Mrs. Sandefur and to stop before striking the plaintiffs' automobile. The trial court sustained the defendant's renewed general demurrers and certain special demurrers to the amended petitions and the plaintiffs appealed from such judgments. *Held:*

The amended petitions of the plaintiffs alleged in accordance with the provisions of *Code Ann.* § 68-1651 and the decision of this court in *Hillhouse v. C. W. Matthews &c. Co.,* 112 Ga. App. 73 (143 SE2d 686), that the defendant's vehicle was not in the intersection or so near thereto as to constitute an immediate hazard at the time Mrs. Sandefur reached the intersection and stopped for the purpose of turning left, and it cannot be said as a matter of law that the presence of the defendant's oncoming vehicle observed by her in the manner set forth in the amended petitions rebutted such allegation so as to demand the finding that she failed to exercise ordinary care for her own safety by turning in front of the defendant's oncoming vehicle. *Lewis v. Powell,* 51 Ga. App. 129 (2) (179 SE 865); *Laseter v. Clark,* 54 Ga. App. 669 (1) (189 SE 265); *Callaghan v. Elliott,* 84 Ga. App. 90 (65 SE2d 633); *Kahle v. Browning,* 103 Ga. App. 436 (120 SE2d 24). The questions of diligence and negligence including contributory negligence and proximate cause were issues of fact for determination by

the jury under the allegations of the amended petitions and the trial court erred in sustaining the defendant's general and special demurrers which were primarily predicated upon the theory that the petitions affirmatively disclosed as a matter of law that Mrs. Sandefur's own negligence was the proximate cause of the collision.

*Judgments reversed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED JULY 7, 1966—DECIDED SEPTEMBER 7, 1966.

*Roberts & Thornton, Jack M. Thornton, Billy E. Moore,* for appellants.

*Hatcher, Stubbs, Land & Rothschild, William B. Hardegree,* for appellee.