42956. YANDLE v. ALEXANDER et al.

Submitted July 6, 1967—Decided July 12, 1967.

*William T. Whatley,* for appellant.

*Sharpe, Sharpe & Hartley, T. Ross Sharpe,* for appellees.

EBERHARDT, Judge. While the evidence may well have authorized a charge by the court on the matter of whether plaintiff had exercised ordinary care for her own safety in driving into the intersection (*Palmer v. Stevens,* 115 Ga. App. 398 (154 SE2d 803)), we do not think it authorized the direction of a verdict upon the ground of assumption of risk (which is a different, though closely related, principle of law) or otherwise.

Assumption of risk is well defined in *Roberts v. King,* 102 Ga. App. 518, 520 (116 SE2d 885), where it is to be noted that it presupposes or is grounded upon a knowledge of the danger and an intelligent acquiescence in it. It is the situation in which one voluntarily takes the risk of a danger which is so obvious that he knows or must know of it, as in trying to beat

a rapidly approaching train across the track, or in accompanying one who he knows is about to engage in a drag race, or in walking out onto a frozen pond where the ice is thin, etc.

Here Mrs. Yandle says she saw defendant's car some 400 feet away, apparently traveling at a moderate speed that would make it safe for her to proceed to cross the intersection. She either misjudged the distance between her and defendant's car or she misjudged his speed. Consequently, the jury may have found that in this she was contributorily negligent, even to the extent of failing to exercise ordinary care for her own safety. *Brown v. Sanders,* 44 Ga. App. 114 (160 SE 542). But under these facts that is a jury question and the court was not authorized to conclude from this evidence that she intelligently acquiesced in a danger of which she was aware—thereby assuming the risk of whatever might happen in so doing.

Upon a retrial of the case the court and counsel should consider, relative to the matter of school zones, *Grant v. McKiernan,* 82 Ga. App. 82, 86 (2) (60 SE2d 794); *Whitley Construction Co. v. Price,* 89 Ga. App. 352 (1) (79 SE2d 416); and relative to stop signs at street intersections, *Hennemier v. Morris,* 48 Ga. App. 840 (173 SE 924); *Richardson v. Coker,* 78 Ga. App. 209 (50 SE2d 781); *Gatewood v. Vaughn,* 86 Ga. App. 823 (72 SE2d 728); *Barnett v. Whatley,* 87 Ga. App. 860, 864 (3) (75 SE2d 667); *Sitton v. Camp,* 91 Ga. App. 870 (87 SE2d 430); *Associated Cab Co. v. Byars,* 92 Ga. App. 73, 74 (2) (88 SE2d 329); *Noland v. England,* 101 Ga. App. 306 (2) (113 SE2d 649); *Fields v. Jackson,* 102 Ga. App. 117, 125 (3) (115 SE2d 877); *Johns v. Secress,* 106 Ga. App. 96 (126 SE2d 296); *Blanton v. Doughty,* 107 Ga. App. 91, 93 (1) (129 SE2d 376); *Wallace v. Willis,* 111 Ga. App. 576, 578 (2) (142 SE2d 383); *Strong v. Palmour,* 113 Ga. App. 750 (1) (149 SE2d 745); and *Tyson v. Shoemaker,* 208 Ga. 28 (65 SE2d 163), reversing *Tyson v. Shoemaker,* 83 Ga. App. 33 (62 SE2d 586); and relative to the duty of a motorist to approach an intersection attentively, *Richards & Associates v. Studstill,* 92 Ga. App. 853 (1) (90 SE2d 56), reversed on other grounds in *Richards & Associates v. Studstill,* 212 Ga. 375 (93 SE2d 3), and relative to the duty of awaiting the clearance of traffic that would constitute an

immediate hazard before entering an intersection, *Hillhouse v. C. W. Matthews Contr. Co.*, 112 Ga. App. 73 (143 SE2d 686); *Sandefur v. Miller*, 114 Ga. App. 279 (151 SE2d 169), and relative to the matter of making new parties to a suit at law, *Code* § 81-1303; *Lumbermens Mut. Cas. Co. v. Moody*, 116 Ga. App. 2, 6 (2); *Miles v. Wilson*, 212 Ga. 60 (90 SE2d 568);[1] *insofar as these cases, or any of them, may be relevant to the issues as presented by the pleadings and the evidence.*

The case should have been submitted to the jury, with appropriate instructions relative to the matters of negligence and comparative negligence.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

---

[1]But see §§ 21 and 86 of the Georgia Civil Practice Act (Ga. L. 1966, p. 609, et seq.), as amended (Ga. L. 1967, p. 226, et seq.) effective September 1, 1967 (Ga. L. 1967, p. 8).