33531. CALLAGHAN *v.* ELLIOTT.

DECIDED JUNE 9, 1951.

*L. Eugene Jessup,* for plaintiff in error.

*Robert S. Horne,* contra.

FELTON, J.  1.  Plaintiff in error contends that the original petition does not allege a cause of action because it does not allege that defendant owed plaintiff any duty the violation of which injured plaintiff.  The plaintiff clearly alleges such a duty and its violation to his injury.  The duty of a driver of an automobile, relative to persons and property on the highway, is to exercise ordinary care to avoid injuring them.  *Giles* v. *Voiles,* 144 *Ga.* 853 (1)  (88 S. E. 207); *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (1)  (123 S. E. 757).  He further contends that the original petition is duplicitous in that the petition is allegedly based upon simple negligence whereas the allegations in paragraph three of the petition attempt to set up wanton and wilful misconduct or reckless disregard of others.  Such contention is without merit.  Paragraph three only recites the facts which plaintiff set up in paragraph seven of his petition as constituting the specific acts of negligence.  While driving an automobile 70 miles per hour on the highways of Georgia may in some cases constitute wanton and wilful misconduct or reckless disregard of others, such does not preclude one from alleging the fact of driving at such speed to show ordinary negligence.

2.  Plaintiff in error contends that the original petition does not contain enough to amend by.  Plaintiff clearly had enough to amend by in his original petition under the standards set up in Code § 81-1302, which provides: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by.  The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment.  If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment."  See also, in this connection, the celebrated cases of *Ellison* v. *Georgia Railroad Co.,* 87 *Ga.* 691 (13 S. E. 809)  (which gave birth to the above Code section), and *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (48 S. E. 318).  Neither does the amendment allege a new cause of action.  The

94

allegation in the amendment, that "The dirt filling herein mentioned is in reality a part of Hightower Road and is an abutment to Hightower Road," is merely an amplification of the allegation in the original petition, that "There is a dirt filling on the left side of Pio Nona Avenue which extends to Hightower Road. Your petitioner had cut across Pio Nona Avenue onto this graded lot, and was proceeding across this dirt filling to Hightower Road," and is explanatory of and not contradictory to the original allegation. While it is true that the plaintiff does not allege the acts of negligence set out in the original petition to be the proximate cause of his injuries, he does allege a causal relation between the alleged acts of negligence and his injuries, and he may set up such acts as being the proximate cause of his injuries in his amendment. The contradictions which did exist in the original petition, which constituted amendable defects, were rectified by the amendment.

Suffice it to say, without elaboration on the question, that the allegations of plaintiff's amended petition do not show that plaintiff's own negligence was the proximate cause of his injuries.

The court did not err in allowing the amendment and in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*