38018. CORNETT *v.* McWATERS *et al.*

Decided January 26, 1960.

*Parker & Daniel,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., B. Hugh Burgess, James M. Embry, Travers Hill,* contra.

GARDNER, Presiding Judge. The general grounds have been abandoned so we see no reason to set out the evidence. Special grounds numbered 4, 5, 6, 7, and 10 are specially abandoned. We prefer the numbering system on special grounds to be designated as "special ground 1, 2, 3, 4 and 7" (corresponding with the numbers used by counsel in specifying the abandoned grounds).

1. We will pass on special ground 5 (numbered 8 by counsel), first. Counsel contends that the court erred in charging the jury as follows: "The defendant cannot be liable unless he owed to the person injured a duty which he neglected. The plaintiff must recover, if at all, upon the negligence of the defendant or the defendants, in failing to perform a duty to the plaintiff."

Counsel for the plaintiff cite and rely on the case of *Callaghan* v. *Elliott,* 84 *Ga. App.* 90 (65 S. E. 2d 633), in support of the contention that the driver of an automobile must exercise ordinary care to avoid injuring others. This is a correct principle of law. There are many other decisions to the same effect. We have read the whole charge of the court, and find that the excerpt of which complaint is made in this special ground is by no means the whole charge on this point. When read as a whole, we find that the court charged fully and fairly as to the negligence or lack of care on the part of the defendants. This special ground is not meritorious.

2. Special ground 6 (numbered 9 by counsel), assigns error on the following charge of the court: "I charge you that if you find that these defendants or any of them, were negligent in some manner alleged, it would then be your duty to, with respect to the defendants whom you found to be so negligent, to look further and see whether or not his or their negligence was the proximate cause of injury and damage to the plaintiff, and unless such negligence was the proximate cause of injury and damage to the plaintiff, she could not recover in the case." This, too, is only an excerpt taken from the charge of the court. When standing alone, it might seem incomplete, but when read in connection with the full charge, it may readily be seen that the charge was well adjusted to the facts of the case. This special ground is not meritorious.

3. Special ground 8 (numbered 11 by counsel), assigns error in that it is contended that the court erred in charging the following: "In order to recover, she (the plaintiff) would have to show negligence alleged in her petition against one or more of these defendants, that such negligence was the proximate cause of injury and damage to her."

This ground relates to the charge as to the proximate cause of the accident and resulting injury. What we have said in division 2 hereinabove covers this special ground also. This ground has no merit.

4. Special ground 9 (numbered 12 by counsel), assigns error on the following excerpt from the charge of the court: "I further charge you that if you find in this case now on trial that the son of the plaintiff was acting under her direction and control and *in and about her business,* then and in that event, any negligence, if you should find negligence on the part of the son, would be imputable to the plaintiff, just as though she had committed the acts of negligence herself." The evidence shows that the driver of the car was the minor son of the plaintiff and that he was driving the car while transporting his mother to her work. Such a situation justified the charge as given by the court. The charge was given in response to a request from one of the defendants. Certainly a mother usually controls the driving of her minor son,—the evidence shows that she had a right to do so.

The right to control the operation of the car is sufficient to impute negligence to the plaintiff. See *Sheppard* v. *Ga. R. & Bkg. Co.*, 68 *Ga. App.* 697, 698 (23 S. E. 2d 441). The evidence shows conclusively that the plaintiff had a right to control the son's actions in driving the car, and goes on to show that the plaintiff would not have hesitated to exercise control had she thought it expedient. This special ground is without merit.

The whole charge of the court was full, explicit, and adapted to the evidence and the pleadings. We fail to find any error in the charge of the court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*