**Mrs. Frances FAIRCLOTH and Ruel Faircloth, Appellants,**

**v.**

**James Fletcher HESTER, Appellee.**

**No. 26390.**

United States Court of Appeals Fifth Circuit.

Dec. 19, 1968.

Rehearing Denied Jan. 8, 1969.
Certiorari Denied March 3, 1969.
See 89 S.Ct. 994.

ligence was not out of order. In Warnock v. Elliott, 96 Ga.App. 778, 789, 101 S.E. 2d 591, 599 (1957), the Georgia Court of Appeals said: "If there is any evidence tending to establish the agency, the questions should be submitted to a jury." The evidence indicates that Sullivan was a friend of appellant's daughter. He agreed to drive appellant from Chattahoochee, Florida, to Columbus, Georgia, and return. Appellant told Sullivan where to go, when to leave, when to start back, and purchased the gasoline for the trip. This was sufficient evidence for the submission of the agency question to the jury. Cf. Cornett v. McWaters, 101 Ga.App. 120, 122, 112 S.E.2d 797 (1960).

The second question concerns possible confusion or prejudice that might have resulted from the charge as to burden of proof. Our view is that the charge when read as a whole is in no way confusing or prejudicial.

Affirmed.

L. B. Kent, Columbus, Ga., Dan W. D'Alemberte, Chattahoochee, Fla., for appellants.

Richard Y. Bradley, Columbus, Ga.; Jesse G. Bowles, Cuthbert, Ga.; and Hatcher, Stubbs, Land & Rothschild, Columbus, Ga., for appellee.

Before BELL and COLEMAN, Circuit Judges, and BOYLE, District Judge.

PER CURIAM:

This appeal from a judgment in an automobile collision diversity case raises two questions as to the District Court's charge to the jury. The first question is whether the evidence warranted submission to the jury of the issue whether the driver of the car in which appellant was riding, Sullivan, was appellant's agent. If the jury could have found agency, then a verdict premised on imputed negligence and comparative neg-